531 A.2d 1

COMMONWEALTH of Pennsylvania

v.

**Helen Paula SACCO, Appellant.**

Superior Court of Pennsylvania.

Argued June 10, 1987.

Filed Aug. 5, 1987.

Reargument Denied Sept. 28, 1987.
Petition for Allowance of Appeal Denied Feb. 23, 1988.

George C. Entenmann, Pittsburgh, for appellant.

Andrea F. McKenna, Assistant Deputy Attorney General, Harrisburg, for Com., appellee.

Before CIRILLO, President Judge, and OLSZEWSKI and HESTER, JJ.

HESTER, Judge:

Helen Sacco, appellant, was sentenced to probation for a period of one year and to pay a $1000 fine plus costs following her non-jury conviction of seven counts of failing to file sales tax returns and to remit sales taxes pursuant to 72 P.S. § 7268(b). We conclude that inasmuch as she filed the returns and paid the tax prior to the institution of the within criminal proceedings, she did not violate the provisions of the statute. We reverse.

On February 5, 1986, appellant was charged with failure to file tax returns and failure to remit sales taxes due on August 15, 1983, September 15, 1983, September 20, 1983, October 20, 1983, November 20, 1983, and January 20, 1984, which had been collected in the operation of Piccolo Piccolo, her restaurant in Pittsburgh. At trial, the supervisor of the sales tax division of the Pennsylvania Department of Revenue testified that all the returns were filed on February 23, 1984, and all taxes due, including penalties and interest, were paid by April 16, 1984. Notes of testimony, 5/16/86, at 16–18. Notwithstanding that fact, appellant was convicted under the following statutory language:

> § 7268. Crimes
>
> . . . .
>
> **(b) Other Crimes**.... [A]ny person who shall wilfully *fail, neglect or refuse* to file any return or report required by this article or any taxpayer who shall *refuse to pay* any tax, penalty or interest imposed or provided for by this article, ... shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars ($1000) and costs of prosecution, or undergo imprisonment not exceeding one year, or both.

72 P.S. § 7268(b) (emphasis added). Contrast with section 7203 of the Internal Revenue Code of 1986.[1]

---

**1.** Section 7203 reads:
   **Willful failure to file return, supply information or pay tax.**
      Any person required under this title to pay any estimated tax or tax, or required by this title ... to make a return, ... who willfully

Appellant did not fail to file the required returns, nor did she refuse to remit the required taxes. She performed these actions nearly two years prior to the institution of criminal action. Accordingly, her convictions cannot stand.

. The Commonwealth argues that section 7268(b) should be construed as requiring the "timely" filing and remittance of taxes. In other words, it would have section 7268(b) read: "any person who shall wilfully fail, neglect or refuse to file any return or report required by this article [at the time or times required by law] or any taxpayer who shall refuse to pay any tax, penalty or interest imposed or provided for this article [when due], ... shall be guilty of a misdemeanor."

The Commonwealth provides no persuasive authority for judicial alteration of statutorily defined criminal conduct. Its reliance on 18 Pa.C.S. § 105 is seriously misplaced. Section 105 provides that "[t]he provisions of this title shall be construed according to the fair import of their terms." [2] The official comment explains that the section alters the common law rule that definitions of criminal conduct must be strictly construed. The comment further explains:

> There is no valid reason why penal statutes should not be reasonably construed according to the "fair import of their terms...." Such a rule is appropriate for a modern penal code which *carefully defines* crimes and defenses rather than leaving their definition to several centuries of common law.

18 Pa.C.S. § 105, official comment—1972 (emphasis added).

The Commonwealth's argument is flawed in that it asks us to supply omitted language, not to give existing language its fair meaning. Appellant's conduct, tardiness,

fails to pay such estimated tax or tax, [or] make such return, ... *at the time or times required by law or regulations,* shall, in addition to other penalties provided by law, be guilty of a misdemeanor.... (Emphasis added).

**2.** 18 Pa.C.S. § 105 applies to 72 P.S. § 7268 pursuant to 18 Pa.C.S. § 107, which makes 18 Pa.C.S. § 105 applicable to criminal offenses defined under any statute.

does not fall within the conduct proscribed by the legislature in 72 P.S. § 7268(b), which sets forth a carefully defined *crime*.

To the contrary, appellant's mischief is addressed by 72 P.S. §§ 7265 and 7266. These sections provide non-criminal sanctions for tardiness in the form of interest and penalties. The legislature thus has imposed monetary sanctions for tardy taxpayers and other, more serious, criminal sanctions for taxpayers who do not pay their taxes, remit taxes withheld, or file returns. Appellant falls into the former category.

In *Commonwealth v. Lobiondo,* 501 Pa. 599, 462 A.2d 662 (1983), the supreme court directed us to construe statutes defining criminal conduct together, stating that they are necessarily interrelated. It further guided us by ruling that legislative distinctions cannot be judicially ignored. In this case, the distinction between tardiness and nonfeasance has been made.

Case authority cited by the Commonwealth is unpersuasive; it involves interpretation of existing statutory language, not supplementation of it. *See Commonwealth v. Duncan,* 456 Pa. 495, 321 A.2d 917 (1974) (whether prowling inside as opposed to outside premises was prowling "around" the premises); *Commonwealth v. Mason,* 381 Pa. 309, 112 A.2d 174 (1955) (whether a barter transaction involved a "sale" of stock); *Commonwealth v. Butler,* 189 Pa.Super. 399, 150 A.2d 172 (1959) (whether a partially hidden weapon was "concealed").

The judgment of sentence is vacated and appellant discharged.