572 A.2d 2

**COMMONWEALTH of Pennsylvania**

v.

**Yaakov PERLMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 30, 1989.

Filed Feb. 26, 1990.

Reargument Denied April 16, 1990.

1

Robert E. Welsh, Jr., Swarthmore, for appellant.

Marsha V. Mills, Deputy Atty. Gen., Harrisburg, for the Com., appellee.

Before POPOVICH, HOFFMAN and BROSKY, JJ.

HOFFMAN, Judge:

This appeal is from the order below denying appellant's petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Appellant contends that he is entitled to relief under the PCRA because (1) the evidence was insufficient to support his convictions; and (2)

trial counsel was ineffective for failing to (a) call a character witness and (b) assert the accountant-client privilege to bar the testimony of appellant's accountant at trial. We affirm.

On December 13, 1985, following a jury trial, appellant was found guilty of sixteen counts of failing to file state sales tax returns, and sixteen counts of failing to remit sales tax. *See* 72 P.S. § 7268(b). Appellant was sentenced on April 27, 1987 to eleven-and-one-half-to-twenty-three-months imprisonment, as well as $16,000 in fines and the costs of prosecution. Appellant, represented by new counsel, filed a direct appeal in this Court and raised six claims, five of which concerned the effectiveness of trial counsel. On May 9, 1988, the judgment of sentence was affirmed by this Court in an unpublished order and Memorandum. *See Commonwealth v. Perlman*, 381 Pa.Super. 659, 548 A.2d 642 (1988) (table). Present counsel (appellant's third attorney) then entered his appearance and filed a petition for reargument, which was denied on July 6, 1988, and a petition for Allowance of Appeal to our Supreme Court, which was denied on February 14, 1989. Thereafter, on March 14, 1989, appellant filed the instant petition under the PCRA. After hearing argument, the PCRA court entered an order and opinion on April 13, 1989 denying the petition, and this appeal followed.

Appellant first contends that the evidence introduced at trial was insufficient to support his convictions because he filed his tax returns and paid the delinquent sales taxes prior to the filing of the criminal complaint against him. Relying on *Commonwealth v. Sacco*, 366 Pa.Super. 261, 531 A.2d 1 (1987), *allocatur denied* 517 Pa. 622, 538 A.2d 876 (1988), appellant argues that this "pre-accusation compliance" with the tax laws rendered his conduct non-criminal as a matter of law and, thus, he should be discharged.

As a preliminary matter, we must determine whether this claim is cognizable under the PCRA. Eligibility for relief under the PCRA is governed by 42 Pa.C.S.A. § 9543, which provides in pertinent part:

4

(a) General rule.—To be eligible for relief under this subchapter, a person must plead and prove by a preponderance of the evidence all of the following:

(1) That the person has been convicted of a crime under the laws of this Commonwealth and is:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

\* \* \* \* \* \*

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of Pennsylvania or laws of this Commonwealth or the Constitution of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

\* \* \* \* \* \*

(3) That the allegation of error has not been previously litigated and one of the following applies:

(i) The allegation of error has not been waived.

(ii) If the allegation of error has been waived, the alleged error has resulted in the conviction or affirmance of sentence of an innocent individual.

\* \* \* \* \* \*

(4) That the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any rational strategic or tactical decision by counsel.

*Id.*

Appellant attempted to raise his sufficiency claim on direct appeal. We did not reach the merits of the claim, however, as we held that appellant waived it by failing to raise it in post-trial motions. *See* Memorandum, May 9,

1988 at 2–4 (R.R. at 309a–311a). To avoid the waiver, appellant now alleges, *inter alia,* that trial counsel was ineffective for failing to raise the issue in post-verdict motions and prior appellate counsel in turn was ineffective for failing to raise the issue in terms of trial counsel's ineffectiveness. Appellant also alleges that the claim was not "previously litigated" as that term is defined in the PCRA. We agree that the issue is *cognizable* under the PCRA. Our disposition in the prior appeal did not turn on the *merits* of the claim; therefore, it has not been previously litigated under 42 Pa.C.S.A. § 9544(a)(2).[1] Moreover, appellant's waiver of the claim on direct appeal is excusable under the PCRA in light of counsel's alleged ineffectiveness, *see id.* § 9543(a)(2)(ii), and because the claim involves the sufficiency of the evidence, which necessarily implicates the "truth-determining process", *see id.,* and raises a question whether an "innocent individual" has been convicted. *See id.* § 9543(a)(3)(ii). Accordingly, we may turn to the merits.

■ Appellant's claim is premised on the alleged ineffectiveness of prior counsel. It is settled that, in order to prevail on a claim of ineffectiveness, the defendant must show that his underlying contention possesses arguable merit, that the course chosen by counsel had no reasonable basis designed to serve his interests, and that counsel's conduct prejudiced him. *See, e.g., Commonwealth v. Davis,* 518 Pa. 77, 83, 541 A.2d 315, 318 (1988); *see also* 42 Pa.C.S.A. § 9543(a)(2)(ii), (a)(4). Appellant's underlying contention is based upon *Commonwealth v. Sacco, supra.* In *Sacco,* as in the instant case, the accused was convicted under the following statutory language:

§ 7268 Crimes

\* \* \* \* \* \*

1. Section 9544(a)(2) provides that an issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *Id.*

(b) Other Crimes. ... [A]ny person who shall wilfully fail, neglect or refuse to file any return or report required by this article or any taxpayer who shall refuse to pay any tax, penalty or interest imposed or provided for by this article, ... shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars ($1,000) and costs of prosecution, or undergo imprisonment not exceeding one year, or both....

72 P.S. § 7268(b). The pertinent facts in *Sacco* were as follows. On various dates between August 15, 1983 and January 20, 1984, the defendant had failed to file tax returns and failed to remit sales taxes which had been collected in the operation of her restaurant. Although the defendant filed the overdue returns on February 23, 1984, and paid the delinquent taxes, penalties and interest by April 16, 1984, she nevertheless was charged almost two years later, on February 5, 1986, with numerous violations of § 7268(b). *See* 366 Pa.Super. at 262, 531 A.2d at 1. Based on these facts, the *Sacco* Court found that the defendant's convictions could not stand and ordered her discharged. The Court reasoned that the defendant "did not fail to file the required returns, nor did she refuse to remit the required taxes. She performed these actions nearly two years prior to the institution of criminal action." *Id.* at 263, 531 A.2d at 1. The *Sacco* Court concluded that the defendant's conduct was "tardiness" and not the type of conduct proscribed by § 7268(b). *Id.*, 366 Pa. Superior Ct. at 264, 531 A.2d at 2.

■ Appellant argues that *Sacco* requires a finding that his conduct was not criminal under § 7268(b). For purposes of this appeal, we may assume that the construction of § 7268(b) found in *Sacco* applies to the instant case even though appellant was convicted prior to the decision in *Sacco;* however, for the reasons set forth below, we do not agree that *Sacco* would require that appellant be discharged.

The charges in the instant case arose out of appellant's failure to file tax returns or remit sales taxes which had

been collected by his company, Bakerwon, Inc. At trial, Thomas Hines, a criminal tax investigator for the Pennsylvania Department of Revenue, testified that a criminal investigation into appellant's corporation commenced in July, 1984. In August, 1984, Hines made a phone call to Bakerwon and informed Jack Suransky, Bakerwon's controller, that a criminal investigation was taking place, and the time periods that were the subject of the investigation. *See* N.T. December 12, 1985 at 123, 132 (R.R. at 130a, 139a). On October 19, 1984, Hines then met with appellant, and informed him that a criminal investigation was proceeding, and that the tax periods in question were from June, 1983 until September, 1984. *Id.* at 123–25 (R.R. at 130a–132a). Appellant admitted to Hines that he was aware that the returns and taxes had not been filed, and stated that the reason he had not filed was that he had met with financial difficulties. *Id.* at 125 (R.R. at 132a).

Hines further testified that it was only *after* he met with appellant and informed him of the investigation that appellant's delinquent returns were filed. *Id.* at 132 (R.R. at 139a). Hines next spoke with appellant in April, 1985. At that time, appellant still had not paid the long-overdue sales taxes that he had collected. Also in April, Hines informed appellant that, based on his investigation, he was going to recommend a criminal prosecution. On July 18, 1985, almost a year after appellant was first apprised of the criminal investigation, appellant tendered a check to the Department of Revenue for a portion of the amount he owed.[2] The criminal complaint against appellant was then filed on July 29, 1985. Thereafter, on August 14, 1985, appellant remitted the balance of all sales taxes due, together with interest and penalties.

Further evidence regarding the willful nature of appellant's decision not to file his returns or taxes was provided by appellant's accountant, Arthur Gardner, and his bookkeeper, Harla Levitt. Testimony from these witnesses es-

---

2. This check was tendered to Ronald J. Snitzer, of the Philadelphia Office of the Pennsylvania Department of Revenue.

tablished that appellant was aware of his monthly obligation to file, that returns were prepared and presented to appellant for at least some of the months in question, that checks were prepared by his bookkeeper to pay the taxes, and that appellant chose not to file the returns or the taxes. *See, e.g., id.* at 39–41, 54, 87–89, 95 (R.R. at 46a–48a, 61a, 94a–96a, 102a).

The key distinction between this case and *Sacco* is that, here, evidence was introduced that indicated that appellant's conduct resulted not from mere "tardiness" but from a willful refusal to file the returns and taxes. We recognize that the facts here are similar to *Sacco* in that appellant was not *charged* under § 7268(b) until *after* he had filed his returns and paid a portion of his taxes. However, the instant case is *unlike Sacco* in that, although appellant's "compliance" occurred before the *formal* institution of charges against him, it occurred only *after* he was notified that a criminal investigation was proceeding. From this evidence, a fact-finder could conclude that appellant did not merely act in a *dilatory* fashion but instead filed only in response to the investigation, in an attempt to ward off the impending criminal prosecution. In summary, we conclude that the evidence introduced at trial was sufficient to support a conviction under § 7268(b) and *Sacco* does not dictate a contrary result; thus, counsel cannot be deemed ineffective for failing to preserve this claim. Accordingly, we hold that the PCRA court did not err in denying appellant relief on this ground.

Appellant's remaining contention is that trial counsel was ineffective for failing to (a) call a character witness and (b) assert the accountant-client privilege to bar the testimony of appellant's accountant at trial. These precise claims were raised on direct appeal and specifically rejected by this Court. *See* Memorandum, May 9, 1988 at 4–7 (R.R. at 311a–314a). Accordingly, they have been previously litigated and are not cognizable under the PCRA. *See* 42 Pa.C. S.A. § 9544(a) ("an issue has been previously litigated if ... (2) the highest appellate court in which the petitioner could

have had review as a matter of right has ruled on the merits of the issue"). Accordingly, appellant is not entitled to relief on these grounds.

For the foregoing reasons, we affirm the PCRA order below.

Order affirmed.