576 A.2d 967

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**William G. BOYLE, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 18, 1989.

Filed May 2, 1990.

Reargument Denied July 16, 1990.

514

John F. Hooper, III, Pittsburgh, for appellant.

Roseann B. Termini, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before McEWEN, POPOVICH and MONTGOMERY, JJ.

MONTGOMERY, Judge.

The appellant, William G. Boyle, files the instant appeal following his conviction, after a jury trial, on seven counts of failing to file timely Pennsylvania sales tax returns. The appellant was sentenced to pay a fine of $1,000.00 and to undergo a term of not less than two months nor more than six months imprisonment on the first count, and was sentenced to a fine of $1,000.00 each on the other six counts, with imprisonment suspended on those counts. He was also ordered to pay the costs of prosecution. He thereafter filed a Motion to Modify Sentence, which was denied by the trial court. Numerous claims of error are asserted by the appellant in support of this appeal.

It is appropriate that we initially review the history of the case, as well as the facts educed at the trial which are pertinent to this appeal. The criminal information which was originally filed against the appellant on September 12, 1984, charged him with 14 counts of willfully failing to file sales tax returns and 14 counts of willfully failing to remit sales taxes due between August, 1982 and October, 1983.

It was asserted that the appellant's conduct was in violation of Section 268(b) of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, No. 2, art. II, § 268(b), 72 P.S. § 7268(b).[1]

After the initial information was filed against him, Boyle filed motions challenging the jurisdiction of the Crawford County Court of Common Pleas with regard to these charges. His request for dismissal of the criminal information was denied by the Court of Common Pleas of Crawford County, and an appeal was instituted to our court. After consideration, our court ruled that the appellant's challenge to the jurisdiction of the Crawford County court was proper. See *Commonwealth v. Boyle*, 347 Pa.Super. 602, 500 A.2d 1221 (1985). The matter was thereafter appealed to the Supreme Court of Pennsylvania, which reversed the decision of our court, and remanded the case for a continuation of the criminal proceedings. See *Commonwealth v. Boyle*, 516 Pa. 105, 532 A.2d 306 (1987). In its ruling, the Supreme Court held that Crawford County had appropriate subject matter jurisdiction and venue to try the charges against the appellant.

After the remand, Boyle filed further pretrial motions, challenging the constitutionality of the statute under which he was charged, and the sufficiency of the criminal information. Such motions were denied by the trial court. On March 7, 1988, the Commonwealth filed an amended information, which omitted seven of the counts charging Boyle with failure to file sales tax returns which had been included in the original information. Seven counts of willful failure to file sales tax returns and 14 counts of willful failure to remit sales taxes remained.[2] Boyle was arraigned

1. In relevant part, 72 P.S. § 7268(b) provides that "... any person who shall wilfully fail, neglect or refuse to file any return or report required by this article or any taxpayer who shall refuse to pay any tax ... imposed by this article ... shall be guilty of a misdemeanor...."

2. With regard to the failure to file returns charges, the information listed tax months of March, 1983 through September, 1983, with due dates for such returns respectively in May, 1983 through October, 1983.

on the new charges and subsequently again filed similar pretrial motions to those he had previously submitted, challenging the constitutionality of the statute. The trial court again denied these motions. Additional pretrial motions were also filed but denied by the trial court. The jury trial commenced in Crawford County on May 16, 1988.

The evidence in support of conviction demonstrated that Boyle, an attorney, incorporated Meadville Foods, Inc. in 1971, for the operation of a restaurant business. The appellant was the president and only officer of the corporation and owned all of its stock. The restaurant opened in 1972 and the corporation contemporaneously applied for and received a state sales tax license from the Pennsylvania Department of Revenue.

During the period relevant to the prosecution in this case, the operation of the restaurant was handled by a manager, who collected appropriate state sales taxes and deposited them in a corporate bank account. The appellant had exclusive control over this account. The manager did not prepare state sales tax returns for the business. Instead, the manager forwarded the returns and other relevant information to Boyle for the filing of sales tax returns, and for remittance of the tax payments.

The evidence showed that sales taxes were collected in the restaurant's operation between June, 1982 and September, 1983, but were not remitted to the Commonwealth. Further, required monthly sales tax returns were not filed with the Commonwealth for the period between March, 1983 and September, 1983. While such taxes and returns were eventually remitted and filed, such action was not taken until after the criminal proceedings were instituted by the Commonwealth in the case.

The evidence indicated that in approximately February, 1983 the Pennsylvania Department of Revenue began audit proceedings of the corporation sales tax returns for the period commencing in March, 1980. The appellant met with an auditor from the Department of Revenue in the course of this auditing procedure. The auditor testified that he

determined that Boyle was the taxpayer because Boyle was listed as the owner on the sales tax license. He related that he contacted Mr. Boyle in his office, at the phone number listed on the sales tax application. During the course of their meetings, the appellant acknowledged to the auditor an awareness that he was tardy in sales tax return filings and tax payments.

When they met on March 4, 1983, Boyle showed the auditor several boxes of records which contained delinquent returns. The auditor also provided testimony that the returns of the corporation were signed by Boyle, naming him as president and lawyer. The auditor and Boyle apparently had several subsequent meetings to review the sales tax records. During a subsequent meeting, the auditor provided Boyle with an updated license application which Boyle signed as president, on behalf of the corporation.

The Commonwealth also presented evidence that during a September, 1983 meeting with a representative of the Department of Revenue, Boyle stated that he was the owner of the restaurant, the corporate president, and the only officer. He also admitted that he had the responsibility for preparing, filing and paying the returns. During the course of the investigation, the appellant provided the investigator with bank records pertaining to the corporation's restaurant operation during the period in issue. They showed substantial monies were available to the corporation throughout the period. During 1982, the average monthly balance amounted to approximately $78,000.00, and in 1983, the ending monthly balance was approximately $33,000.00. In his defense, Boyle asserted that he did not file the returns for the period in question because he believed that he was in the progress of an audit, and he wanted to work with the Department of Revenue representatives to bring the corporation's state tax filings and payments current.

The jury acquitted Boyle on the 14 counts relating to the failure to pay sales taxes. However, he was convicted on the seven counts which charged him with failures to file sales tax returns. Following the denial of post-verdict

motions, Boyle was sentenced. The appellant filed a motion to modify his sentence, which was denied by the trial court. Thereafter, the appellant filed this appeal.

The appellant initially maintains that the Section 268(b) of the Tax Reform Code is fatally vague, ambiguous, and fails to give adequate notice as to who may be subject to criminal prosecution for violation. Thus, he contends that the statute violates his right to due process of law. More particularly, he contends that the statute is not definite or clear on the time when an omission to file a return may expose a taxpayer to criminal prosecution. Further, he argues that the statute does not clearly identify persons responsible for filing such a return. He submits that a corporate officer may not be held responsible for a failure in filing under the statute.

We first address the appellant's contention that the statute is vague and fails to give adequate notice that timely filing is required. In support of his position, the appellant cites the decision of our court in *Commonwealth v. Sacco*, 366 Pa.Super. 261, 531 A.2d 1 (1987). In *Sacco*, our court reversed the conviction of a defendant who was simply a tardy filer of sales taxes. All of the taxes in issue in that case were remitted by Sacco two years prior to the initiation of the criminal prosecution. Our court held that criminal sanctions were not intended to be applied in that situation. Instead, it was held that criminal sanctions were intended for taxpayers who do not pay their taxes, remit taxes withheld, or file returns. Our court found that the legislature merely imposed monetary sanctions for tardy taxpayers.

In reaching these conclusions, our court in *Sacco*, in dicta, indicated that it would not read a timeliness requirement into Section 268(b) in the circumstances of that case. Boyle now seizes upon that dicta to contend, in effect, that because he eventually filed the returns, no prosecution could result under Section 268(b). We do not find this argument to be persuasive, and do not read the *Sacco* holding in such a literal sense. As we explained in *Sacco*, penal statutes

should be reasonably construed according to the fair import of their terms. See 18 Pa.C.S. § 105. If we are to give the existing language of the statute its fair meaning, we cannot agree that Section 268(b) does not prohibit a failure to remit returns until long after they are due, and then only after criminal proceedings are initiated. In the instant case, the tax returns were not submitted to the Department of Revenue until after the Commonwealth began its prosecution of the appellant. The initiation of such proceedings did not arise until September, 1984, almost a year after the last month of non-filing covered by the criminal information. This was not simply a case of tardy filing which could be analogized to the situation presented to this court in the *Sacco* case.

Challenges to a statute based upon vagueness, when the statute does not involve First Amendment freedoms, must be examined in light of the facts of the case at hand, and the specificity of a statute must be measured against the conduct in which the party challenging the statute has engaged. *Commonwealth v. Heinbaugh,* 467 Pa. 1, 4–5, 354 A.2d 244, 245–246 (1976). In the instant case, the evidence established that there was a complete failure to file tax returns. We cannot reasonably give credence to the claim that there was merely a pattern of tardiness on the part of Boyle. In light of the evidence presented, we do not find merit in the claim that the statute was unconstitutionally vague with regard to the taxpayer's obligation to file sales tax returns on a timely basis.

We also find no merit in the appellant's due process argument that the statute is vague because it does not identify persons responsible for the filing of the tax. The Commonwealth alleged in the criminal information and proved at trial that Boyle was the president and sole stockholder of the corporation, and was the person responsible for filing the sales tax returns and remitting the taxes to the Commonwealth, in connection with the operation of the restaurant. Section 268(b) applies to "any *person* maintaining a place of business in the Commonwealth." (emphasis

supplied) In Section 201 of the Tax Reform Code of 1971 (72 P.S. § 7201), subsection (e), the word "Person", is defined as:

Any natural person, association, fiduciary, partnership, corporation or other entity, including the Commonwealth of Pennsylvania, its political subdivisions and instrumentalities and public authorities. Whenever used in any clause prescribing and imposing a penalty or imposing a fine or imprisonment, or both, the term "person", as applied to an association, shall include the members thereof *and, as applied to a corporation, the officers thereof.* (emphasis supplied)

In view of this statutory language, and the clear evidence of the appellant's sole ownership of the corporation and service as its only officer, we find no merit in his position that the statute must be deemed vague in failing to identify him as a person responsible for the filing of the sales tax returns. Our court has reached a similar conclusion in analogous circumstances in other cases. See *Commonwealth v. Smallhoover*, 389 Pa.Super. 575, 567 A.2d 1055 (1989); *Commonwealth v. Klinger*, 369 Pa.Super. 526, 535 A.2d 1060 (1987).

■ We next address an argument by the appellant that the Tax Code unlawfully allows the Attorney General to define the timeliness element under Section 268(b). Boyle maintains that the statute, in that regard, violates the doctrine of separation of powers, and thereby violates his rights to due process and equal protection of the laws. We find no arguable validity in these contentions. In support of his position on this point, the appellant maintains that because he eventually filed the returns in question, he must be immune from any prosecution. He reasons that because the Attorney General has flexibility with regard to the timing of prosecutions, the legislature has ceded to the Attorney General the power and authority to define a timeliness element in the statute.

If the appellant's rationale had any validity, it would seem that any person charged with a criminal offense could

nullify his prosecution by thereafter taking steps to remedy his prior wrongdoing before the trial. For instance, a person who had robbed a store could, after prosecution was initiated, merely return the stolen money or goods before being tried, and thereby render any subsequent prosecution meaningless. We cannot accept the appellant's logic, and do not find that the legislature's failure to include a specific period of time in the tax statute results in the invalidity of the statute on the basis that it grants legislative authority to the Attorney General. Accordingly, we also reject this claim of error.

Boyle next maintains that the original and amended informations were defective in that they failed to recite all elements of the offenses and inform the defendant of the precise charges he was required to defend. It is clear that a criminal complaint or information must contain all of the essential elements of the offense sought to be charged. *Commonwealth v. Musto*, 348 Pa. 300, 35 A.2d 307 (1944). However, the information must be read in a commonsense manner and is not to be construed in an overly technical sense. *Commonwealth v. Pope*, 455 Pa. 384, 390, 317 A.2d 887, 890 (1974).

The amended information filed against the appellant on March 7, 1988 stated, in relevant part:

The Attorney General of the Commonwealth of Pennsylvania, by this information charges that on or about the dates set forth in the individual counts below, at Meadville, Crawford County, Pennsylvania, the above named defendant, who was the owner and operator of a business trading as Meadville Foods, Inc., doing business as Palace Fine Foods, with business premises at 225 Conneaut Lake Road, Meadville, Crawford County, Pennsylvania, and who was the individual responsible for the preparation and filing of Pennsylvania sales tax returns, did wilfully (sic) fail, neglect or refuse to file sales tax returns on behalf of the above named business for the periods set forth in the individual counts below, and further, said defendant did wilfully (sic) fail, neglect or refuse to remit

sales taxes due the Commonwealth for the tax periods set forth in the individual counts below, in violation of 72 P.S. § 7268(b)

Below that statement all of the separate counts were listed, indicating the specific returns and tax remittances which were covered by the information.

■ It is evident that the appellant was given notice of the offenses with which he was charged by the above-quoted language and the other parts of the criminal information in this case. Criminal informations are sufficient where the crimes charged are set forth substantially in the language of the statute. *Commonwealth v. Taraschi,* 327 Pa.Super. 179, 190, 475 A.2d 744, 750 (1984). Such a recitation is evident in the instant case, and we conclude that Boyle was obviously given adequate notice of the offenses with which he was charged, with sufficient specificity and preciseness to allow him to prepare his defense to such charges. Also, we cannot ignore that during the course of the extensive pretrial litigation proceedings which evolved in this case, the Commonwealth provided the appellant with a bill of particulars which further detailed the misconduct which was the subject of the instant prosecution. Therefore, we reject the appellant's argument that his conviction should be set aside because of any deficiency in the criminal informations.

■ The appellant next asserts that the trial court erred in failing to require the Commonwealth to produce a large volume of documents in discovery. Our review of the record regarding this matter indicates that the defendant requested an extremely broad range of documents from the Commonwealth, pursuant to Pa.R.Crim.P. 305. Among the documents he sought were all Pennsylvania sales and use tax returns which were filed by any person more than 120 days after the due date from June 1, 1987 until the date of his request, all reports, notices, ledgers, statements or other documents reflecting sales and use tax payments made by any person more than 120 days after the due date during the same period, and numerous other documents. Such

requests would have required the Commonwealth to produce years of state sales tax records involving taxpayers from all over our Commonwealth, including tax returns, reports, notices, ledgers, statements, criminal complaints, indictments, informations, civil complaints, and numerous other documents.

Under Pa.R.Crim.P. 305(B)(1), upon request the Commonwealth must produce certain information or items, provided they are material to a requesting defendant's case. While Boyle suggests that he desired such information to try to establish that he was subjected to selective prosecution, he has failed to allege or to demonstrate that he was prosecuted based upon any unjustifiable standard, such as race or religion. See *Wayte v. United States*, 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985). The conscious exercise of some discretion in enforcement of a law by a prosecuting official is not, standing alone, sufficient to establish a constitutional violation in the nature of improper selective enforcement. *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). We are not aware of any holding by any federal court, or by any appellate court in our Commonwealth that a district attorney or the Attorney General must prosecute all cases involving a possible violation of a particular statute in order to maintain the right to prosecute any other particular alleged violator of that law. Accordingly, even if there was a lack of absolute uniformity in the enforcement of the state sales tax law requirements by criminal prosecutions, there is no basis in the record before us to suggest that such a lack of consistency was a result of intentional improper discrimination against the appellant. Therefore, we find no abuse of of discretion by the trial court in refusing to compel the Commonwealth to respond to the voluminous information request of the appellant in this case. The information sought was not material, in our view, in the defense of the charges against Mr. Boyle in these proceedings.

We next address the contention by the appellant that the trial court erred in denying a defense challenge to the

entire panel from which the jurors were selected for his case. The record shows that during jury selection, a question was posed to the panel by the court regarding whether any of the potential jurors were acquainted with Mr. Boyle or any member of his family. One of the jurors responded, "Judge, I represented a private client, who commenced a lawsuit several years ago against Mr. Boyle and as doing business as the Palace Restaurant, that's now concluded." The court asked if that would affect the prospective juror's objectivity in the case. The juror responded in the negative. The court then stated, "For counsel's enlightenment, Mr. Ferguson is an Assistant District Attorney in this county, and just by luck of the draw, he happened to get on the panel." The attorney for the appellant objected to the remarks made by the juror and requested the disqualification of the entire panel. The subject was discussed in chambers with the trial judge. Defense counsel indicated that what the prospective juror had said gave the impression that bore upon the paying of bills. He contended that the statement left the appearance that Mr. Boyle and Palace Fine Foods did not pay bills. The trial judge rejected this challenge. Later, the judge disqualified the juror in question.

In support of his argument that the trial judge erred in denying his challenge to the entire jury panel, the appellant cites several cases dealing with situations in which jurors were subjected to communications concerning a defendant's guilt and his participation in prior criminal activity. For instance, the defense cites *Commonwealth v. Santiago,* 456 Pa. 265, 318 A.2d 737 (1974), a case in which a potential trial witness communicated with some members of a jury which had already been selected. In *Santiago,* the information improperly communicated to the jurors was that the defendant had killed an innocent boy and this was not the first person he had killed. The person who made the comments identified herself as a witness. Unquestionably, such circumstances were grossly different than those presented in the instant case. The information disclosed to the *Santiago*

jurors was highly inflamatory and prejudicial to the defendant. In the instant case, the prospective jurors learned only that the defendant and his business had been involved in a prior civil suit, which by then had been concluded. We cannot discern sufficient prejudice arising from such information to justify a conclusion that the trial court's sound discretion in such matters was abused in this case.

The appellant next argues that the trial court erred in rejecting defense objections to the testimony from a Commonwealth witness which touched upon other instances of tardy sales tax return filing and remittances by the appellant. It is argued that such evidence of other crimes was clearly inadmissable, because it suggested that the appellant had a criminal character or a propensity to commit tax related offenses.

As noted earlier, the charges against the appellant concerned a period between March and September, 1983. During the course of the examination of a representative of the Pennsylvania Department of Revenue, the witness was asked if he could tell, from his records, whether returns were filed in January and February, 1983. The agent responded that returns were filed for such months. He was then questioned as to whether they were filed in a timely manner. He responded that the January return was delinquent and the February return was filed on time. Defense counsel moved for a mistrial, arguing that such testimony was prejudicial and had nothing to do with the case because it related to tax returns during a period not covered by the prosecution which was the subject of this case. The court ruled that there was an issue before the jury of whether the failure to file was willful, and a question of whether there was an absence of mistake.

The appellant properly points out that evidence of a criminal defendant's involvement in other crimes or bad acts which are not charged in the criminal information is generally considered to be prejudicial and inadmissable, and the evidence of the commission of one offense is not proof of the commission of another. *Commonwealth v. Clayton,*

506 Pa. 24, 483 A.2d 1345 (1984); *Commonwealth v. Peterson,* 453 Pa. 187, 307 A.2d 264 (1973). However, exceptions to this general rule exist. Thus, evidence of other crimes may be admissable when it tends to prove motive, intent, absence of mistake or accident, a common scheme, plan or design embracing two or more criminal acts that are so related to each other that proof of one tends to prove the others, the establishment of identity where there is such a logical connection between the crimes that proof of one will tend to show that the accused is the person who committed the other. *Commonwealth v. Clayton, supra; Commonwealth v. Morris,* 493 Pa. 164, 425 A.2d 715 (1981); *Commonwealth v. Peterson, supra.* In considering this issue, we must also be mindful that a trial court has discretion with regard to whether or not to admit evidence of other crimes, and such a decision should not be reversed on appeal unless the trial court committed an abuse of that discretion. *Commonwealth v. Green,* 351 Pa.Super. 170, 505 A.2d 321 (1986).

We have carefully examined the record with regard to the evidence in question, and we do not find an abuse of discretion by the trial court sufficient to merit a reversal of the appellant's conviction. We cannot conclude that the trial court erred in its determination that the testimony regarding the appellant's January and February, 1983 tax filing and remitting activities was relevant to show Boyle's willfulness and the absence of mistake. Such factors may be considered in deciding whether evidence of other crimes or misconduct is admissable. Moreover, we do not think that the brief comments would have tainted or inflamed the jury in its considerations of whether or not the appellant was guilty of the other tax offenses charged. We also cannot ignore the fact that the trial court gave cautionary instructions to the jurors that the charges to be tried involved failures to file returns or remit payments for particular months in 1983, and that merely because there was some testimony relating to other failures to file or pay, the jury could not assume guilt based upon conduct on such

other dates. Based upon all of these considerations, we find no basis for a reversal of the appellant's conviction because of the admission of brief testimony about his conduct in January and February, 1983.

■ The appellant next argues that the trial court erred in denying his motion for a mistrial because of the admission of testimony concerning an alleged failure to pay sales tax penalty and interest. He points out that such omissions were not charged as criminal violations in this action and asserts that the Commonwealth's answer to his request for a bill of particulars stated that the tax alone, and not penalty or interest, would be in question in the prosecution.

Our review of the record shows that during cross-examination of a Commonwealth witness, counsel for the appellant attempted to confirm that by the time of the trial, all of the tax returns and payments had been received by the Department of Revenue. The court became involved in the questioning on this point. In responding to such questioning, the witness denied that full payments had been received and made reference to nonpayment of penalty and interest charges. Defense counsel immediately objected and requested the court to grant a mistrial.

The testimony in question, if it were considered at all by the jurors, had to be weighed with reference to the question of whether the appellant should be found guilty of failure to timely pay sales taxes, which was the subject of 14 of the 21 charges. Because the appellant was acquitted on the counts charging him with failures to remit taxes, the evidence in question obviously had no prejudicial effect. Therefore, we find that the trial court did not err in declining to grant a mistrial based upon the testimony about the alleged failures to pay penalty and interest charges.

■ We next address three separate contentions by the appellant that there was insufficient evidence to support the convictions which resulted in this case. First, he urges that the evidence was insufficient because there was no timeliness requirement in the law, and he filed the returns before

the actual trial was held in this case. As discussed earlier, the charges in this case were not filed until a year or more after the appellant failed to file the returns in question. Further, we have already explained why the appellant's subsequent filing of the returns did not operate to prohibit a continuation of the criminal proceedings against him. The instant argument is merely a repetition by the appellant of the same points we have already discussed and rejected. We need only restate that we find no merit in such a contention. The fact that the appellant finally filed the returns after criminal charges were instituted against him does not create grounds for reversal based upon an argument of insufficiency of the evidence.

Next, the appellant maintains that there was no proof that he was the owner and operator of the restaurant, but only that he had stock. On the contrary, we find that the evidence was undeniably sufficient to establish that he was the president and only officer of the corporation, which was wholly owned by him. Thus, sufficient evidence was established to prove that he was a person responsible for the filing of returns as required by the applicable tax statute.

Finally, with regard to the question of whether the evidence was sufficient, the appellant contends that there was no proof that his corporation's restaurant had taxable sales during each of the months in question. Again, we cannot agree with the appellant. The evidence clearly demonstrated that the restaurant business was in operation during the entire period when the appellant was charged with a failure to file tax returns. In fact, there was evidence that Boyle eventually filed returns and paid taxes due on the business income attributable to the months in issue. Therefore, we reject the claim that the evidence was insufficient to prove that the corporation had taxable sales during the reporting and payment periods covered by the criminal charges in this case.

The appellant next raises the argument that the trial court erred in foreclosing his testimony concerning the source of funds to pay the sales taxes on behalf of the

corporation. The record shows that defense counsel attempted to elicit testimony from Boyle concerning loans he secured from which he made sales tax payments. It is asserted that such evidence was proferred in an effort to rebut the Commonwealth's contention that Boyle's omissions were willful. The record showed that the trial court ruled that such testimony was irrelevant.

Obviously, the testimony in question, if relevant at all, would only have been supportive of the appellant's defense to the charges that he intentionally and willfully failed to remit sales taxes. His acquittal on such charges makes moot the issue of whether the trial court should have admitted evidence of his source of funds for payment. Such evidence did not pertain to any arguable excuse for a failure to file returns. Accordingly, the issue presents no basis for relief to the appellant in the context of the instant appeal.

Mr. Boyle also raises several claims of error by the trial court with respect to its charge to the jury, and its denial of certain points for charge requested by the appellant. He first claims that the trial court erred in its charge concerning any criminal liability he might have as a result of his position as the owner, operator and officer of the corporation. His arguments concerning the court's charge, on this point, are all based upon his claim that the law imposed no obligation upon him personally to file the returns, and that the corporation itself was solely responsible for such filing. We have previously discussed that issue, and explained why the appellant's contention is devoid of merit. On the same grounds, we find no validity in his reiteration of the same claim and theory that he could not be held liable as a corporate officer for the failures to file the corporation sales tax returns. The trial court properly charged the jury on that point.

 Boyle also argues that the trial court should have instructed the jury with regard to what he describes as an estoppel defense. At the trial, he took the position that he relied upon his dealings with representatives of the Depart-

ment of Revenue in delaying his filing of tax returns. Our review of the record indicates that the trial judge did charge the jury properly with regard to that issue. The trial court told the jury that it had to find that the failures to file were willful and intentional. The judge reminded the jurors that the defendant contended that he was mislead by the Department of Revenue auditors and that he acted in good faith. The judge specifically stated, "You may consider from all of the testimony by the agents from the Revenue Department and by Mr. Boyle whether he acted willfully in failing to pay the returns." We find that such comments and other references to this subject in the jury instructions were adequate to place before the jury the defensive theory espoused by Boyle, which he has described as one of estoppel.[3] Therefore, we reject the claim that the court erred in its charge on that point.

Boyle next urges that the jury should have been instructed to ignore the evidence of his delinquent filing and paying of other returns. Again, this argument encompasses a repetition of points we have already discussed. As noted earlier, the trial court did instruct the jurors to consider the appellant's guilt or innocence with regard to the periods charged, and not to rely on the evidence of his earlier conduct. Further, we have reviewed the charge as a whole, as we are required to do, and conclude that it fairly and properly covered all of the points to be considered by the jurors. Therefore, we must reject the appellant's arguments that his conviction should be reversed because of the trial judge's rejection of requested points for charge, or because of any aspect of the jury instructions.

Finally, appellant contends that the trial court erred and abused its discretion in sentencing. Three separate points are raised.

3. We note that the appellant's attempts to characterize this defense as estoppel were not appropriate. In essence, he was contending that his failure to file tax returns was an act of good faith. Good faith is no defense to a violation of Section 268. *Commonwealth v. Kimble,* 323 Pa.Super. 499, 470 A.2d 1369 (1984).

First, Boyle points out that the court failed to order a pre-sentence investigation report, and it failed to state on the record its reasons for dispensing with such a report. Pa.R.Crim.P. 1403(A)(2) requires a sentencing court either to order a pre-sentence investigation and report, or to place its reasons for dispensing with such a report on the record, in circumstances including where incarceration for one year or more is a possible disposition, and where a defendant is a first offender as an adult. The record shows that the defense was aware that there was no pre-sentence report. Defense counsel indicated that in commenting at the time of sentencing, "That's the statement I wish to make on behalf of Mr. Boyle, your Honor, and if there are any questions the court has, in view of the fact there is no pre-sentence report, we certainly will be glad to answer any further questions on that basis, your Honor." Defense counsel did not request that a pre-sentence report be procured. Such conduct may be deemed a waiver of the appellant's right to have the court consider a pre-sentence investigation report. However, we need not dispose of this claim on that basis alone. The trial court was asked to modify the appellant's sentence. In declining this request, the sentencing judge prepared an order indicated he did not state his reasons for not ordering a pre-sentence report on the record. However, he explained that he was well-acquainted with the reputation and profession of the defendant, and noted the factual background which led to the filing of the charges had been explored in detail in the record. Moreover, the court indicated it was familiar with the income of the defendant, which was furnished at the time of the sentencing. Further, the court made reference to fact that it had allowed Boyle to provide a detailed account of the factors which led to his failures in filing. In all of these circumstances, including our finding of a waiver of the issue by the defense, we conclude that the lack of a pre-sentence investigation report or an on-the-record explanation of this matter at the time of sentencing provides no justification for disturbing the sentence imposed.

 Next, with respect to sentencing, the appellant argues that the trial court improperly failed to consider the statutory sentencing factors and failed to place its reasons for imposing a sentence of total confinement on the record. The record shows that after hearing from the appellant, from his counsel, and from the Commonwealth on the issue of sentence, the court offered an explanation which is recorded in several paragraphs. The judge first noted that it was difficult to impose sentence in a criminal case, particularly in the type of case where the person charged was a reputable citizen in an honored profession. The court explained, however, that if the sales tax returns and penalties in the law were to mean anything, they could not be ignored and it was evident that the defendant had ignored the law. The court stated that after a jury had found willful and deliberate noncompliance of the law, he would not consider only a fine or probation as substantial. Further, the court indicated that a lengthy incarceration was not appropriate. The judge went on to explain that when a knowledgeable, educated person is found by a jury to have willfully and totally disregarded the law, the court viewed something more than just a fine and probation as being necessary. The court then imposed the sentence.

The statements by the court demonstrated that the judge considered a probationary sentence, but did not feel that it was appropriate. The trial court's references to Boyle's background indicated a clear awareness that the appellant had no prior criminal record, and the court was certainly aware that the appellant was a member of the bar. Further, the commentary by the sentencing judge explained his conclusion that the jury's finding of a willful violation by an individual such as the defendant justified a substantial penalty, including confinement. In these circumstances, it is evident that the trial court sufficiently articulated its reasons for its imposition of the sentence which included a period of total confinement. That sentence did not exceed the statutory limits. Accordingly, we do not find any basis for reversal based upon the appellant's claims that the trial

court failed to consider appropriate sentencing factors, or failed to place its reasons for imposing a sentence of total confinement on the record.

 The last argument of the appellant with regard to sentencing is the claim that the court erred in denying his request for an evidentiary hearing, after the Commonwealth asserted during sentencing that the appellant had failed to file numerous other state and federal taxes and returns. The appellant has mischaracterized the record on these points.

The transcript of the sentencing shows that testimony was offered by the appellant to depict himself as a law-abiding taxpayer in other circumstances. In response, counsel for the Commonwealth indicated to the court that over the course of several years, the appellant had not filed federal or state tax returns nor paid taxes for himself or for the corporation. The comments by the prosecutor referred to federal and state income tax returns, federal and state corporation tax returns, employer withholding tax returns, and other returns and tax monies which had been ignored, both before and after the dates when the sales tax returns involved in this case were not filed. Thereafter, when all such matters had been stated, several pages of colloquy by defense counsel followed. In that colloquy, there was no mention whatsoever that counsel for the Commonwealth had made any improper assertions concerning the appellant's pattern of non-filing and non-payment of numerous taxes. Rather, defense counsel discussed the appellant's alleged reliance on a certified public accountant and other matters, and implored the court to recognize that Mr. Boyle was a good person. Thereafter, another lengthy colloquy occurred, involving counsel for both the prosecution and defense, concerning whether or not the appellant had set up a separate account to segregate the sales tax monies he had collected in the operation of his restaurant. Counsel for the Commonwealth contended that if such a separate account had been set up, the appellant would not have needed to borrow money to pay the taxes, as he had asserted. Only

at the conclusion of all of that discussion did defense counsel state, "Your Honor, we would ask for an evidentiary hearing." The court responded, "Well, I don't think that's necessary." Defense counsel then stated, "This is absolutely correct. Thank you your Honor." The court then proceeded with sentencing.

There is no assertion whatsoever that the prosecuting attorney had made any improper remarks with regard to the appellant's habit of ignoring his filing and payment responsibilities with respect to numerous other taxes. Such comments by the prosecutor were much earlier in the record than the request for an evidentiary hearing. That request obviously made no reference to the comments by the prosecutor now called into question. In these circumstances, we find that the appellant has waived any right to claim an entitlement to an evidentiary hearing based upon the comments of the prosecutor about his tax avoidance tendencies. Therefore, we reject the appellant's final claim of error.

The judgment of sentence is hereby affirmed.

McEWEN, J., files a dissenting statement.

McEWEN, Judge, dissenting:

Since the expression of the majority view mirrors a most careful study, as well as an insightful analysis of the issues presented in this appeal, I am most hesitant to differ. However, the nagging impression that two aspects of the evidentiary presentation effected substantial prejudice upon appellant matures to conclusion in the light of the verdict of the jury acquitting appellant of all fourteen counts of failure to pay sales tax, while finding him guilty of the seven counts of failure to file sales tax returns. First, the cautionary instruction provided by the trial judge did not adequately redress the prejudice which befell appellant when the prosecution elicited from a Commonwealth witness testimony that appellant had been delinquent in connection with the returns for a period which was not the

538

subject of the prosecution. Second, the issue of "wilfulness" is as applicable to the counts of failing to file a return as it is to the failure to pay the tax, and, as a result, the testimony of appellant about his effort to secure loans to pay the tax was relevant and thereby admissible. Thus, I would grant appellant a new trial.