## Commonwealth v. Smith

*James T. Anthony, assistant district attorney,* for the Commonwealth.
*Albert V.F. Nelthropp,* for defendant.

DIEFENDERFER, *P.J.,* May 22, 1992—We have before us the defendant's motion for post-conviction relief.

On or about July 8, 1988, the defendant was arrested by the Pennsylvania State Police and South Whitehall Township Police and charged with possession of a controlled substance,[1] possession with intent to deliver a controlled substance,[2] delivery of a controlled substance,[3] and criminal conspiracy.[4] A preliminary hearing was held on August 15, 1988, resulting in the charges being bound over to court for trial. On April 20, 1989, following a jury trial, the defendant was convicted on all counts.

---

1.  35 P.S. §780-113(a)(16).
2.  35 P.S. §780-113(a)(30).
3.  35 P.S. §780-113(a)(30).
4.  18 P.S. §903(a)(1)(2).

The defendant filed post-trial motions on May 1, 1989, which alleged that the defendant was entitled to a new trial as a result of this court's failure to read certain requested points for charge to the jury. The defendant claimed that he was unaware that the item sold was a controlled substance and he was therefore entitled to have the requested points for charge or, in the alternative, the culpability provisions of ignorance or mistake, 18 Pa.C.S §304, read to the jury. This court denied the defendant's motion on March 22, 1990. The defendant then filed an appeal with the Pennsylvania Superior Court, and the Superior Court affirmed the judgment on April 19, 1991. The defendant had failed to object at trial to this court's refusal to read the requested statute and therefore the issue was waived. However, the Superior Court felt that the defendant at trial "offered sufficient evidence of ignorance or mistake as to a matter of fact placed before the jury" and that his "recourse at this stage of the proceedings [was] to file a petition under the Post Conviction Relief Act." *Commonwealth v. Smith*, No. 2223 Philadelphia (1990) at fn. 2. The Superior Court believed that defense counsel's failure to object constituted ineffective assistance of counsel. The defendant did file his motion for post-conviction collateral relief on May 10, 1991, claiming that his trial counsel was ineffective for failing to object to the refusal to read his requested charge.

The three requested points for charge read as follows:

"(12) One of the material elements of the crime of possession of a controlled substance, possession with intent to deliver, delivery of a controlled substance and conspiracy, which the Commonwealth must prove beyond

a reasonable doubt, is that the defendant knew that substance which he is accused of possessing and delivering was in fact a controlled substance. The defendant claims that this element has not been proven because at the time of the alleged offense he was ignorant concerning the facts in that he was not aware that package which he allegedly possessed and delivered to a policeman contained a controlled substance.

"(13) Ignorance as to a matter of fact for which there is a reasonable explanation or excuse is a defense if it negatives the knowledge, and therefore the intent required to establish a material element of the crime. Thus you should consider the evidence tending to show that the defendant was ignorant concerning the facts along with the other evidence in determining whether the Commonwealth has proven the knowledge of the defendant and therefore the required intent.

"(14) You cannot convict the defendant unless you are satisfied beyond a reasonable doubt that the defendant was not ignorant as to the facts or that the defendant's ignorance did not prevent or eliminate the required intent to possess or deliver a controlled substance or there is no reasonable explanation or excuse for the defendant's ignorance."

The court charged, in pertinent part, as follows:

"The defendant is charged with possessing a controlled substance. Controlled substance under this Commonwealth Controlled Substance Act includes, of course, the substance involved here, namely cocaine. The possession of a controlled substance is unlawful except when authorized. The burden of coming forward with some evidence

of authorization would be on the defendant. Of course, there's no evidence of any authorization having been presented in this case. Now in order to find the defendant guilty of possessing the controlled substance, you must be satisfied the following two elements have been proven beyond a reasonable doubt. One, of course, that the defendant possessed cocaine, a controlled substance. And second, that the defendant possessed that substance knowingly or intentionally. Now for a person to possess a controlled substance, he must have the power to control and the intent to control that substance. If you're satisfied that those two elements of possessing a controlled substance have been proven beyond a reasonable doubt then you would find the defendant guilty, otherwise you must find the defendant not guilty.[5] Now as we said there, one of the elements is that the defendant possessed that substance knowingly or intentionally. Now that's defined in the crimes code when we talk about knowingly or intentionally. Let me read that to you so you get an idea of what they're talking about there. A person acts intentionally with respect to a material element of the offense when: one, if the element involved the nature of his conduct or result thereof, it is his conscious object to engage in conduct of that nature and to cause such a result. That's acting intentionally. And if the element involves the intended circumstances, he is aware of the existence of such circumstances, or he believes or hopes that they exist. That the definition of acting intentionally. Knowingly, a person acts knowingly with respect to a material element of the offenses when if the element in-

---

5. Pa.SSJI (Crim.) 13.16(a)(16)A.

volves the nature of his conduct or the intended circumstances he is aware that his conduct is of that nature or that such circumstances exist. And two, if the element involves a result of his conduct he is aware, that is, practically certain that his conduct will cause such a result. Now that's the definition of a person acting knowingly or intentionally.[6] As I said before, for a person to possess a controlled substance he must have the power to control and the intent to control that substance. *A person cannot possess a controlled substance unless he is aware of the presence and nature of the substance.* In other words, he must know that he has the substance and he must know what it is. A person does not possess a controlled substance merely because he is aware of the presence and nature of the substance or because he is physically close to it. Although proof of such facts may be evidence tending to show possession, they do not themselves establish possession.... The term intent to deliver includes intent of a person to make an actual constructive or attempted transfer from himself to another person of a controlled substance."˙ N.T., April 20, 1989, at 12-16. (emphasis added)

Following the end of the court's charge to the jury, the court addressed the requested points for charge as follows:

"The Commonwealth's two points are refused. The defendant's one through five are refused. The binding instructions, one and two are approved.... Three, four, five, six, seven are refused, eight and nine—well they were covered really. Three, four and five were refused.

6. 18 P.S. §302.

Six, seven, eight and nine were covered. Ten we'll approve.... Now eleven and twelve, and thirteen I think were covered and fourteen was refused." N.T., April 20, 1989, at 19-20.

In response to the court's question, "Gentlemen, do you want to put anything on the record?"; the defense attorney maintained that he wanted the culpability statute read to the jury. When the court refused, the defense attorney did not object. See N.T., April 20, 1989, at 22-23.

Ineffective assistance of counsel is grounds for relief under the Post Conviction Relief Act if, under the circumstances of the particular case, the ineffectiveness "so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S §9543(a)(2)(ii). The law is well settled that "the defendant must show that his underlying contention possesses arguable merit, that the course chosen by counsel had no reasonable basis designed to serve his interests, and that counsel's conduct prejudiced him." *Commonwealth v. Perlman*, 392 Pa. Super. 1, 5, 572 A.2d 2, 4-5 (1990). Where a jury charge is prejudicially deficient and defense counsel fails to make a timely objection thereto, the Supreme Court of Pennsylvania has found that defense counsel was ineffective in his assistance. *Commonwealth v. Nelson*, 514 Pa. 262, 523 A.2d 728 (1987). The Superior Court has indicated that *Nelson* is applicable to the case at bar. See *Commonwealth v. Smith*, No. 2223 Philadelphia (1990) at fn. 2.

While we feel that the jury instructions in the case at bar encompassed the defendant's requested points for charge numbers twelve, thirteen and fourteen, we feel constrained by the Superior Court's opinion that we must grant the defendant's motion requesting a new trial.