565 A.2d 1204

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Clyde Walter DUKEMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 7, 1989.

Filed Nov. 6, 1989.

470

Scott K. Oberholtzer, Lancaster, for appellant.

James J. Karl, Asst. Dist. Atty., Lancaster, for Com., appellee.

Before TAMILIA, POPOVICH and HESTER, JJ.

POPOVICH, Judge:

This is an appeal from the order dismissing appellant's Post Conviction Relief Act[1] petition without a hearing. In his PCRA petition, appellant alleged that trial counsel was

1. The lower court and appellant erroneously believe this action is governed by the provision of the Post Conviction Hearing Act, 42 Pa.C.S.A. § 9541 *et seq.* However, appellant's petition was filed on February 6, 1989, and, accordingly, this appeal is controlled by the provisions of the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541 *et seq.*, as amended 1988, April 13, P.L. 336, No. 47, § 3, effective immediately. Such misnomer does not effect the resolution of this appeal.

ineffective in failing to file a motion for dismissal of the charges pursuant to Pennsylvania Rule of Criminal Procedure 1100. Appellant now contends that the lower court erred in denying PCRA relief without a hearing. For the following reasons, we hold that a violation of Rule 1100 is not a cognizable claim for which relief may be granted under the Post Conviction Relief Act, and we affirm the denial without a hearing of appellant's petition.

The court below denied appellant's petition without a hearing on the ground that a violation of Rule 1100 did not occur. Rule 1100, in pertinent part, states:

(a)(2) Trial in a court case in which a written complaint is filed against the defendant, where the defendant is incarcerated, shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

\* \* \* \* \* \*

(c) In determining the period for commencement of trial, there shall be excluded therefrom:

\* \* \* \* \* \*

(3) such period of delay at any stage of the proceedings as results from:

(i) the unavailability of the defendant or his attorney;

(ii) any continuance granted at the request of the defendant or his attorney.

Instantly, the relevant dates are undisputed. Appellant was arrested on July 15, 1987. His preliminary hearing was originally scheduled for July 24, 1987, but rescheduled for August 3, 1987, at the request of the Commonwealth due to the unavailability of a vacationing state trooper. On August 3, 1987, counsel for appellant requested a continuance due to a scheduling conflict, and the hearing was rescheduled for August 19, 1987, which Lancaster Consolidated District Justice Court records indicate was the earliest available date for the hearing.

The case was then scheduled for trial which commenced on January 12, 1988, which was the one hundred and eighty first day after the filing of the complaint against appellant.

However, under Rule 1100(c)(3)(ii), the period of August 3, 1987 to August 19, 1987 must be excluded from the Rule 1100 time period. Therefore, appellant's trial began well within the one hundred and eighty day period mandated by Rule 1100.

Based upon the reasoning above, the lower court stated: "No hearing on the merits of the allegation of ineffective counsel is required 'if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by petitioner.' 42 Pa.C.S.A. § 9549(b). Therefore, Petitioner is not eligible for relief under the Post Conviction Hearing Act." Order of February 23, 1989.

■ While the lower court's reasoning was correct under PCHA rules and current Pennsylvania Rule of Criminal Procedure 1507,[2] appellant's present PCRA petition should have been summarily dismissed without a hearing *and* without ever reaching the merits. Pursuant to 42 Pa.C.S.A. § 9543(a)(2)(ii), to be eligible for PCRA relief, appellant must plead and prove by a preponderance of the evidence that his conviction resulted from "Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Counsel's ineffectiveness for failure to file a motion to dismiss due to a violation of Rule 1100 has absolutely no effect on the "truth-determining" process. See *Commonwealth v. Blackwell*, 384 Pa.Super. 251, 253, 558 A.2d 107, 109 (1989) (Rule 1100 issue in PCRA petition should be dismissed without a hearing since a violation of Rule 1100

2. Rule 1507. Disposition without hearing, in part, states:
(a) The judge shall promptly review the motion, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention the dismiss the motion and shall state in the notice the reasons for the dismissal. . . .

does not effect the "truth-determining process"); *Commonwealth v. Lawson,* 519 Pa. 504, 514, 549 A.2d 107, 112 (1988) (repetitive PCHA petition alleging Rule 1100 violation should have been dismissed without a hearing when "the petitioner does not attack the fairness of the trial that resulted in his conviction, nor does he assert he was even innocent of the criminal charges involved. What he seeks to do is to negate his obligation to stand trial, and in that effort relies on a procedural technicality.").

Moreover, assuming *arguendo* that Rule 1100 was violated in this case, appellant is not entitled to PCRA relief under 42 Pa.C.S.A. § 9543(a)(2)(v) which states that relief should be granted if the conviction resulted from "A violation of the provisions of the Constitution, law or treaties of the United States which would require the granting of Federal habeas corpus relief to a state prisoner." In *Davis v. Wainwright,* 547 F.2d 261 (5th Cir.1977), the Court of Appeal, Fifth Circuit, ruling on facts similar to those at bar, stated:

Federal courts review by habeas corpus errors of constitutional dimension. In this case we are asked to examine a Florida procedural rule. Nowhere in the United States Constitution is there found a right to be brought to trial within 180 days. Although there is a right to a "speedy" trial found in the Sixth Amendment this right is "a more vague concept than other procedural rights." *Barker v. Wingo,* 407 U.S. 514, 521, 92 S.Ct. 2182, 2187, 33 L.Ed.2d 101 (1972). In Barker the Supreme Court identified some of the factors to be considered in determining whether there had been a denial of a speedy trial. Length of delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant were the guidelines set by the Court. Weighing all these factors, this Court is of the opinion that Davis has failed to establish a denial of his constitutional right to a speedy trial. *While he may have shown a denial of the Florida guarantee to be tried within 180 days,* if he could count on one state court of appeals rather than another, *this is*

*merely a violation of a state procedural rule which does not in any way go to the fundamental fairness of the trial. As such it is not reviewable by the Federal Courts on a petition for habeas.* (emphasis added, footnote omitted).

Thus, a violation of Rule 1100, a rule of Pennsylvania procedure, is not necessarily a violation of one's Sixth Amendment right to a speedy trial; the two simply are not synonymous.[3] Accordingly, appellant's PCRA petition should have been summarily dismissed without ever reaching the merits of the petition.

However, noting that appellant failed to perfect a direct appeal on any issue, we, in the interest of judicial economy, will affirm on the lower court's decision which found appellant's petition to be meritless on its face. See Pa.R.Crim.P. 1507.

Order affirmed.

TAMILIA, J., concurs in the result.

---

**3.** Appellant has not alleged a violation of his constitutional right to a speedy trial. Moreover, had he raised such an issue it most certainly would have been deemed meritless. See Trial Court's resolution of issue, *supra.*