580 A.2d 857

**COMMONWEALTH of Pennsylvania**

v.

**Walter WOLFE, Appellant.**

Superior Court of Pennsylvania.

Submitted April 23, 1990.

Filed Sept. 27, 1990.

Jeffrey C. McCullough, Warrington, for appellant.

Alan M. Rubenstein, Dist. Atty., Doylestown, for Comm., appellee.

Before KELLY, HUDOCK and HESTER, JJ.

KELLY, Judge.

In this appeal we are called upon to determine whether an ineffective assistance of counsel claim regarding counsel's performance at sentencing is cognizable under the Post-Conviction Relief Act. We find that it is not and affirm the order of the trial court denying appellant relief.

The relevant facts and procedural history are as follows. The appellant was tried by a jury and convicted of terroristic threats, involuntary deviate sexual intercourse, indecent assault, and corruption of minors. The victim of these incidents, appellant's step-daughter, testified that the incidents began when she was thirteen and lasted for a period of five years. Post-verdict motions were filed and denied. Appellant was sentenced to eight to twenty years for the offenses against his step-daughter and a concurrent sentence of one to two years for the threats on the victim's boyfriend.

Appellant then filed a direct appeal to this Court which resulted in affirmance of his judgment of sentence. *See Commonwealth v. Wolfe,* 377 Pa.Super. 659, 541 A.2d 1156 (1988). Thereafter, on March 10, 1989, appellant filed a petition for post-conviction relief under the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541 *et seq.* This petition was denied following a hearing. This timely appeal followed.

On appeal, appellant contends that his appellate counsel was ineffective for failing to raise the ineffectiveness of trial counsel in failing to raise and preserve (1) the excessiveness of sentence; (2) the failure of the trial court to indicate on the record its understanding of the sentencing guidelines and (3) the failure of the trial court to state sufficient reasons on the record why the sentence exceeded the guidelines. In addition, appellant contends appellate counsel was ineffective in failing to present mitigating evidence at sentencing.

In response to appellant's claims, the Commonwealth contends that the appellant has failed to set forth grounds

upon which relief may be granted pursuant to § 9543 of the Post Conviction Relief Act. In support of this claim the Commonwealth contends that appellant's ineffectiveness claims do not relate to ineffectiveness which have "so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. 9543(a)(2)(ii). The trial court embraced this argument. For the reasons which follow, we too agree with the Commonwealth and affirm the order denying appellant relief under the Post Conviction Relief Act.

Prior to April 13, 1988, under the Post Conviction Hearing Act, to be eligible for collateral relief under the auspices of a claim of ineffective assistance an appellant had to prove:

(1) That he has been convicted of a crime.

(2) That he is incarcerated in this Commonwealth under a sentence of death or imprisonment or on parole or probation.

(3) That his conviction or sentence resulted from one or more of the following reasons:

(i) The introduction of evidence obtained pursuant to an unlawful arrest.

(ii) The introduction of evidence obtained by an unconstitutional search and seizure.

(iii) The introduction of a coerced confession into evidence.

(iv) The introduction into evidence of a statement obtained in the absence of counsel at a time when representation is constitutionally required.

(v) The infringement of his privilege against self-incrimination under either federal or state law.

(vi) *The denial of his constitutional right to representation by competent counsel.*

42 Pa.C.S.A. 9541 *et seq.* (1982).

Effective April 13, 1988, however, was the new modem for collateral relief, the Post Conviction Relief Act. This statute allows for collateral relief as follows:

(a) **General Rule.**—To be eligible for relief under this subchapter, a person must plead and prove by a preponderance of the evidence all of the following:

\* \* \* \* \* \*

(2) That the conviction or sentence resulted from one or more of the following:

(ii) Ineffective assistance of counsel *which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.*

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused an individual to plead guilty.

(iv) The improper obstruction by Commonwealth officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) A violation of the provisions of the Constitution, law or treaties of the United States which would require the granting of Federal habeas corpus relief to a State prisoner.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and that would have affected the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction. 42 Pa.C.S.A. 9543(a)(2). (Emphasis added). Under the new act, therefore, not only must the appellant prove ineffectiveness, but the ineffectiveness must have "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Id.* This Court has previously held that such an alteration constitutes, "a substantial restriction of the grounds for post-conviction collateral relief in Pennsylvania." *Commonwealth v. Thomas,* 396 Pa.Super. 92, 98, 578 A.2d 422, 425 (1990).

Recently, our courts have required strict compliance with this provision.

For example, in *Commonwealth v. Perlman*, 392 Pa.Super. 1, 572 A.2d 2 (1990), a case in which the appellant sought collateral relief under the new statutes, this Court found the issue of whether trial and appellate counsel had been ineffective for failing to raise and preserve a claim based on the sufficiency of the evidence cognizable. This Court specifically held, "the claim involves the sufficiency of the evidence, which necessarily implicates the truth-determining process." *Id.* 572 A.2d at 4.

Similarly, this Court held in *Commonwealth v. Thomas*, *supra*, that appellant's contention of ineffectiveness for failing to object to and preserve the Commonwealth's introduction of alleged hearsay statements was also cognizable under the PCRA. This Court concluded there that "[a] verdict *based in any material respect* on inadmissible hearsay is unreliable, because inadmissible hearsay is by definition unreliable." *Id.*, 578 A.2d at 429 (emphasis supplied).

However, in *Commonwealth v. Dukeman*, 388 Pa.Super. 469, 565 A.2d 1204 (1989), appellant alleged in his PCRA petition that trial counsel had been ineffective in failing to file a motion to dismiss the charges pursuant to Pa.R. Crim.P. 1100. The PCRA court had denied appellant's petition without a hearing. On appeal this Court agreed that the petition was properly dismissed. In doing so, this Court held that:

"Pursuant to 42 Pa.C.S.A. § 9543(a)(2)(ii), to be eligible for PCRA relief, appellant must plead and prove by a preponderance of the evidence that his conviction resulted from 'Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.' Counsel's ineffectiveness for failure to file a motion to dismiss due to a violation of Rule 1100 *has absolutely no effect on the 'truth determining' process. See Commonwealth v.*

*Blackwell,* 384 Pa.Super. 251, 253, 558 A.2d 107, 109 (1989) ..." (emphasis added).

Thus, the Court noted that appellant's petition should have been "summarily dismissed without a hearing *and* without reaching the merits." *Id.* 565 A.2d at 1206 (emphasis supplied).

Moreover, in *Commonwealth v. Lyons,* 390 Pa.Super. 464, 568 A.2d 1266 (1989) appellant alleged that all prior counsel had been ineffective for failing to preserve and argue the fact that his preliminary hearing had been defective. This Court opined:

"We hold only that appellant is not entitled to collateral relief under the Post-Conviction Relief Act where, as here, *the absence of a preliminary hearing did not so undermine the truth determining process as to render unreliable the adjudication of guilt.*"

*Id.* 390 Pa.Super. at 469, 568 A.2d at 1269 (emphasis added).

In light of the foregoing rulings, we hold that appellant's challenges to prior counsel's ineffectiveness are *not* cognizable under the PCRA. Appellant's claims relate solely to sentencing, specifically whether the trial court abused its discretion and whether counsel was ineffective for failing to put forth mitigating factors for the trial court to consider. As the Commonwealth argues, however, we can discern no challenge to counsels' ineffectiveness which, under the new statute, "so undermined the truth-determining process that no reliable adjudication of *guilt* or *innocence* could have taken place." Indeed, under the wording of the new statute, it appears that *no* claim based on discretionary aspects of sentence would be reviewable. This interpretation is made even more certain by the fact that although the legislature found it necessary to include a provision in the PCRA *expressly* allowing for collateral relief based on *illegal* sentences,[1] *see* 42 Pa.C.S.A. § 9543(a)(2)(vii), no

1. We note that as this court has long recognized that issues concerning the legality of sentence can never be waived, *see Commonwealth v. Pfeifer,* 396 Pa.Super. 641, 579 A.2d 897 (1990); *Commonwealth v. Wallace,* 368 Pa.Super. 255, 533 A.2d 1051 (1987); *Commonwealth v.*

counterpart allowing for review of challenges to *discretionary aspects of sentence* can be found in the new statute.

Based on the foregoing, we conclude that as appellant's instant claim relates *only* to ineffective assistance in failing to challenge discretionary aspects of sentence, and because no ineffective assistance of counsel claims may be heard under the PCRA unless such claim would undermine the truth determining process so as to render unreliable the adjudication of *guilt* or *innocence*, appellant's claim is not herein reviewable. Accordingly, we affirm the order of the trial court dismissing appellant's claim for post-conviction relief.

Order Affirmed.

*Lee,* 363 Pa.Super. 400, 526 A.2d 405 (1987); *Commonwealth v. Adams,* 350 Pa.Super. 506, 504 A.2d 1264 (1986), the provision expressly allowing for review of challenges alleging illegal sentence may be superfluous as such a claim may be raised at *any* stage.