600 A.2d 201

**COMMONWEALTH of Pennsylvania**

v.

**Raymond TANNER, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 15, 1991.

Filed Dec. 6, 1991.

---

S. Sanford Kantz, New Castle, for appellant.

Annette M. Hutchison, Asst. Dist. Atty., New Castle, for Com., appellee.

Before BECK, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an order entered on April 17, 1991, denying appellant post-conviction relief. On appeal, appellant contends that he is entitled to relief under the Post Conviction Relief Act (PCRA).[1] Appellant, Raymond Tanner, raises the following issues:

A. Was appellant denied a stenographer and transcript of the preliminary hearing and the failure of his trial counsel to request a transcript or a remand of the case for a preliminary hearing with transcript deemed ineffective assistance of counsel.

B. Was trial counsel ineffective in failing to cross examine the mother of the alleged victim on material inconsistent statements at preliminary hearing of which he was unaware because of lack of a proper transcript and which prejudiced the truth finding process and result of trial.

C. Was trial counsel ineffective in failing to properly prepare for trial by not availing himself with the opportunity to obtain information at the preliminary hearing, thereby prejudicing the result of trial and appellant.

1. 42 Pa.C.S.A. §§ 9541–9546.

D. Trial counsel's representation was ineffective by failing to call witnesses, subpoena and present records, medical reports and police records to contradict the testimony of the victim's mother, Cheryl Booher, in order to prove a lack of evidence of sexual abuse.

E. After discovered evidence not available at trial demonstrates that the alleged victim lied in his testimony of appellant's sexual abuse out of fear for his stepfather.

F. After discovered evidence not available at trial of victim's mother's statement, "How does it feel to have been set up?" is material in establishing that appellant did not commit the offenses of which he was convicted and requires a new trial.

G. Jurors were prejudiced and influenced in their decision by adverse comments concerning defendant spoken by the tipstaff and court personnel outside the courtroom and heard by the jurors.

H. Defendant was not given the opportunity to read or comment on his pre-sentence report when he was under psychiatric care and medical data relative to his mental condition should have been excluded in the report.

I. Appellant's case was not brought to trial within the time limits required for a speedy trial in violation of rule 1100 Pa. R.C.P.

J. Appellant's subsequent counsel after taking an appeal to the Superior Court failed to advise him of his right to take an appeal to the Pennsylvania Supreme Court as appellant desired to appeal. Further, the grounds asserted in his appeal did not include errors asserted herein which occurred at trial, including ineffective assistance of his prior counsel and thereby ineffective assistance of appellate counsel.[2]

Appellant's Brief at 4–6.

On June 26, 1987, appellant was charged with seven

---

**2.** We note that appellant burdens this court with eleven claims comprising three pages and sixty-three lines. This is well in excess of Pa.R.A.P. 2116's single-page, fifteen-line limit. Although we strongly disapprove of such a blatant disregard of appellate rules, in the

counts of involuntary deviate sexual intercourse [3] and seven counts of rape [4] of his son. A preliminary hearing was held on July 31, 1987, at which time appellant was represented by the public defender's office. Thereafter, and just prior to trial, appellant retained private counsel to represent him. A jury trial was conducted and appellant was convicted on all seven counts of involuntary deviate sexual intercourse, but not of rape. Post-trial motions were filed and denied by the court on August 23, 1988. Appellant was sentenced on September 8, 1988 to a term of incarceration of not-less-than-fifteen-years-nor-more-than-thirty-years on all seven counts.

On October 6, 1988 appellant's private attorney was permitted to withdraw and the public defender's office was reappointed to represent him. On November 3, 1988, the public defender's office filed a direct appeal to this court which was denied. None of the grounds presented in this petition were raised on direct appeal. Thereafter, a new attorney was appointed and a post-conviction petition was filed and denied by the court without a hearing pursuant to Rule 1507 Pa. R.C.P. This timely appeal followed.

The statute governing appellant's claims is the amended 42 Pa.C.S.A. § 9543(a), which lists four factors a petitioner must plead and prove before becoming eligible for relief. It provides in pertinent part:

(a) *General Rule*—To be eligible for relief under this subchapter, a person must plead and prove by a preponderance of the evidence all of the following:

(1) That the person has been convicted of a crime under the laws of this Commonwealth and is:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

. . . . .

interest of justice, we will nevertheless consider all of appellant's claims.

3. 18 Pa.C.S.A. § 3123.

4. 18 Pa.C.S.A. § 3121.

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of Pennsylvania or laws of this Commonwealth or the Constitution of the United States.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place.

. . . . .

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and that would have affected the outcome of the trial if it had been introduced.

(3) That the allegation of error has not been previously litigated and one of the following applies:

(i) The allegation of error has not been waived.

(ii) If the allegation of error has been waived, the alleged error has resulted in the conviction or affirmance of sentence of an innocent individual.

. . . . .

42 Pa.C.S.A. § 9543(a).

Appellant's first four claims allege trial counsel ineffectiveness. Turning to Sections 9543(a)(2) and 9543(a)(3), it is clear that appellant's claims are cognizable and have not been previously litigated, but they have been waived. "Ineffectiveness of prior counsel must be raised as an issue at the earliest stage in the proceedings at which the counsel whose ineffectiveness is being challenged no longer represents the defendant." *Commonwealth v. Hamilton*, 376 Pa.Super. 404, 546 A.2d 90 (1988) (*quoting Commonwealth v. Hubbard*, 472 Pa. 259, 277 n. 6, 372 A.2d 687, 695 n. 6 (1977)).

Here, appellant had an opportunity to raise his ineffective assistance of trial counsel claims in his direct appeal to this court, but he did not. Because appellant failed to raise these claims at the first opportunity, he has failed to

preserve them for PCRA review. However, a finding of waiver alone does not bar recovery if any of the other conditions of Section 9543(a)(3) are met. Here, we find that none of the other conditions are met. We do not find that appellant's allegation of error has resulted in the conviction or affirmance of an innocent individual. Appellant offers no evidence that would meet the requirements of this condition.

We next consider appellant's contentions regarding after-discovered evidence and jury prejudice. Although we find these claims to be cognizable under the PCRA and they have not been previously litigated, they have been waived. Appellant had an opportunity to litigate these claims on direct appeal, but did not. Furthermore, we find that appellant offers no evidence that would meet any of the other conditions set out in Section 9543(a)(3).

Appellant next claims that he is entitled to relief because he was not given an opportunity to read or comment on his pre-sentence report. We find that this claim is not cognizable under Section 9543(a)(2). The PCRA limits the *types* of claims that are cognizable. Thus, the petitioner must "plead and prove by a preponderance of the evidence" that the conviction or sentence resulted from one or more of eight specified circumstances. *See* 42 Pa.C.S.A. § 9543(a)(2)(i)–(viii). Appellant has made no attempt to conform his argument to this requirement of the PCRA and we find that appellant's claim does not appear to be cognizable under any of the eight categories of cognizable claims. We also find this claim to be waived. Appellant had an opportunity to raise this claim on direct appeal, but did not. Furthermore, we find that none of the other conditions of Section 9543(a)(3) are met.

Appellant further contends that his case was not brought to trial within the time limits required for a speedy trial, which is in violation of Rule 1100 of Pa.R.Crim.P. We note that this claim is not cognizable under any of the eight categories of the PCRA. *See Commonwealth v. Dukeman,* 388 Pa.Super. 469, 565 A.2d 1204 (1989). Although

this issue has not been previously litigated, we find that it has been waived. The issue could have been raised on direct appeal, but it was not. Furthermore, it does not meet any of the other conditions of Section 9543(a)(3).

█ Lastly, appellant contends that his appellate counsel was ineffective for failing to advise him of his right to take an appeal to our Supreme Court and for failing to bring forth claims of trial counsel ineffectiveness on appeal. We begin by noting that these issues have not been previously litigated and are not waived. As this appeal is the first stage of the proceedings at which post-trial counsel is no longer representing appellant, allegations of his ineffectiveness are properly raised in this PCRA petition.

Initially, an appeal to our Supreme Court is not a matter of right. *See* Pa.R.A.P. Rule 1114 (review of a final order of the Superior Court is not a matter of right, but of sound judicial discretion); *see also Commonwealth v. Gilbert*, 407 Pa.Super. 491, 595 A.2d 1254, 1257 (1991). Moreover, a claim of counsel's failure to inform appellant of his right to seek discretionary review by the Supreme Court is not cognizable under Section 9543(a)(2). The only PCRA category under which this claim could arguably be brought is Section 9543(a)(2)(ii), which governs "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." We have interpreted this to mean that an ineffectiveness claim brought under the PCRA must raise a question of whether an "innocent individual" has been convicted. *See Commonwealth v. Perlman*, 392 Pa.Super. 1, 5, 572 A.2d 2, 4 (1990). We have held that the language in the PCRA referring to ineffectiveness claims constitutes "a substantial restriction on the grounds for post-conviction collateral relief in Pennsylvania." *Commonwealth v. Thomas*, 396 Pa.Super 92, 98, 578 A.2d 422, 425 (1990) (comparing PCRA provision to broader language in predecessor Post Conviction Hearing Act).

We find that appellant's allegation that his appellate counsel was ineffective for failing to inform him of his "right" to appeal to our Supreme Court does not raise an issue bearing upon his ultimate guilt or innocence. Appellant does not explain how the truth-determining process was undermined, nor does he allege that appellate counsel's actions prevented a reliable determination of guilt or innocence. Thus, this claim is not cognizable under the PCRA.

 In addition, appellant contends that appellate counsel was ineffective for failing to assert on direct appeal that trial counsel was ineffective. Where, as here, appellant asserts that appellate counsel was ineffective for failure to raise an issue as to trial counsel's ineffectiveness,

> the threshold question is whether the allegations of trial counsel's ineffectiveness, would have been frivolous. If so, we need engage no further in exploration of the basis of post-conviction counsel's omission. *Commonwealth v. Hubbard*, 472 Pa. 259, 281, 372 A.2d 687, 697 (1977).

We must look at the four allegations of trial counsel ineffectiveness and "determine if the the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). If we find that trial counsel had a reasonable basis for his allegedly ineffective action or inaction then any claim on direct appeal that trial counsel had been ineffective would have been frivolous. We turn then to the four allegations of ineffective assistance of trial counsel which appellant now presents on this appeal.

 (a) & (b) Appellant contends that trial counsel did not receive a transcript of the preliminary hearing nor did he request one. We note that there is a factual dispute as to this issue. The Commonwealth claims that trial counsel did receive a copy of the transcript of the preliminary hearing. We find that even if trial counsel did not have a transcript and did not request one this omission does not rise to ineffective assistance of counsel.

■ Appellant contends that because trial counsel did not have the transcript he was not able to properly cross-examine the victim's mother. Appellant alleges that inconsistencies in the witness' testimony would have been revealed, but does not articulate what those inconsistencies were and how they would have changed the verdict. Appellant has not shown how the omissions of trial counsel would have had any chance of succeeding. Appellate counsel was, on this record, not shown to have been unreasonable in refraining from certain questions on cross-examination.

(c) Appellant contends that trial counsel was ineffective in failing to properly prepare for trial by not availing himself with the opportunity to obtain information at the preliminary hearing. We find this claim to be identical to appellant's first two claims and thus reject it for the same reasons.

■ (d) Appellant contends that trial counsel's representation was ineffective by failing to call witnesses, subpoena records and present medical reports to contradict testimony of the victim's mother. Here again appellant makes no attempt to explain how if these actions were undertaken there would have been a chance of success. Appellant does not tell us what records should have been brought forward, nor does he tell us which witnesses. Most importantly, he does not explain how they would have changed the verdict or how he was prejudiced. Thus, appellate counsel was, on this record, not shown to have been unreasonable in refraining from calling certain witnesses and bringing forth certain records.

■ Because the omissions of trial counsel were not shown to have any chance of succeeding, appellate counsel had no reasonable grounds upon which to assert trial counsel ineffectiveness upon appeal. Appellate claims as to trial counsel ineffectiveness on these grounds would have been frivolous. Therefore, the claim that appellate counsel was ineffective is devoid of merit. Appellate counsel cannot be found to be ineffective for failing to raise meritless claims.

*Commonwealth v. Hubbard,* 472 Pa. 259, 278, 372 A.2d 687, 696 (1977). Accordingly, we affirm the order of the trial court dismissing appellant's claim for for post-conviction relief.

Order affirmed.