605 A.2d 432

**COMMONWEALTH of Pennsylvania**

v.

**Denise GLASS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 3, 1992.

Filed April 2, 1992.

Francis M. Socha, Harrisburg, for appellant.

Deborah E. Curcillo, Asst. Dist. Atty., Harrisburg, for Com., for appellee.

Before ROWLEY, President Judge and FORD ELLIOTT and BROSKY, JJ.

ROWLEY, President Judge.

On April 21, 1989, Denise Glass (appellant), then seventeen years of age, was charged with murder in connection with the death of her three-week-old baby. Hearings were held on June 13, 1989, and July 29, 1989, to consider appellant's motion to transfer her case to juvenile court. After the trial court denied the motion, appellant entered a guilty plea to a charge of third-degree murder. The trial court sentenced appellant to a period of incarceration of seven and one-half to twenty years. After appellant's motion to modify sentence was denied, she filed a direct appeal from the judgment of sentence to this Court, and this Court affirmed.

On May 9, 1991, appellant filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.* After counsel was appointed, she filed a supplemental petition, alleging ineffectiveness of counsel in failing to challenge on appeal the trial court's denial of appellant's motion to transfer her case to juvenile court. Appellant now appeals from the dismissal of her PCRA petition.

In *Commonwealth v. Rollins*, 525 Pa. 335, 580 A.2d 744 (1990), our Supreme Court set forth the following standard for reviewing an ineffectiveness of counsel claim:

[W]e must first determine whether the issue underlying the claim is of arguable merit. If the claim lacks merit, our inquiry ceases, as counsel will not be deemed ineffective for failing to pursue a baseless or meritless issue. If, however, the claim has merit, we must then determine whether the course of action chosen by counsel had some reasonable basis designed to effectuate his client's interests. Finally, appellant must show that counsel's ineffectiveness so prejudiced his case that he was denied a fair trial.

*Id.*, 525 Pa. at 344, 580 A.2d at 748 (citations omitted). In the present case, the trial court applied this standard and concluded that appellant's counsel was not ineffective. For the following reasons, we need not determine whether counsel was in fact ineffective. Even assuming that appellant sufficiently proved ineffectiveness under the above test, she would not be entitled to relief.

Under the PCRA, unlike its predecessor, the Post Conviction Hearing Act, a claim of ineffectiveness of counsel is cognizable only if the ineffective assistance "in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Id.* § 9543(a)(2)(ii). Since the amendment of the post-conviction statute, this Court has considered various claims of ineffectiveness of counsel, and only those claims involving alleged errors which undermined the truth-determining process have been found to be cognizable. *Compare Commonwealth v. Thomas*, 396 Pa.Super. 92, 578 A.2d 422 (1990) (admission of hearsay statements) *and Commonwealth v. Weinder*, 395 Pa.Super. 608, 577 A.2d 1364 (1990) (inadequate alibi instruction) *and Commonwealth v. Perlman*, 392 Pa.Super. 1, 572 A.2d 2 (1990) (sufficiency of the evidence) *with Commonwealth v. Wolfe*, 398 Pa.Super. 94, 580 A.2d 857 (1990) (discretionary aspects of sentence) *and Common-*

*wealth v. Lyons,* 390 Pa.Super. 464, 568 A.2d 1266 (1989) (absence of preliminary hearing), *allocatur denied,* 525 Pa. 663, 583 A.2d 792 (1990) *and Commonwealth v. Dukeman,* 388 Pa.Super. 469, 565 A.2d 1204 (1989) (violation of Rule 1100). "This [amendment] is a substantial restriction of the grounds for post-conviction collateral relief in Pennsylvania." *Commonwealth v. Hanes,* 397 Pa.Super. 38, 44–45, 579 A.2d 920, 923 (1990) (quoting *Commonwealth v. Thomas, supra,* 396 Pa.Superior Ct. at 98, 578 A.2d at 425).

In the present case, appellant contends that counsel was ineffective for failing to appeal the denial of her motion to transfer her case to juvenile court. Her basis for this allegation is that the trial court abused its discretion in denying her motion because her "witnesses establishe[d] a realistic opportunity for rehabilitation prior to the expiration of the juvenile court jurisdiction and [that she] would receive better treatment, supervision and rehabilitation in the juvenile system as opposed to the adult system." Supplemental PCRA Petition at 3. This claim does not implicate the integrity of the truth-determining process, and the reliability of the adjudication of guilt was not compromised. We therefore affirm the order dismissing appellant's PCRA petition.

Order affirmed.