COMMONWEALTH of Pennsylvania, Appellee,

v.

Arthur GINGLARDI, Appellant.

Superior Court of Pennsylvania.

Submitted June 28, 2000.

Filed Aug. 4, 2000.

---

Arthur Ginglardi, appellant, pro se.

Wayne B. Gongaware, Asst. Dist. Atty., Greensburg, for Commonwealth, appellee.

Before JOHNSON, HUDOCK and BROSKY, JJ.

HUDOCK, J.:

¶ 1 This is an appeal from the order denying Appellant's first petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. sections 9541–46. We affirm.

¶ 2 On August 17, 1994, a jury found Appellant guilty of possession of a controlled substance with intent to deliver and possession of a controlled substance.[1] He was sentenced to pay a $25,000.00 fine and to serve a term of incarceration of four to eight years on the former conviction and was given a suspended sentence on the latter. He filed a timely notice of appeal, and a divided panel of this Court affirmed the judgment of sentence. *Commonwealth v. Ginglardi*, 451 Pa.Super. 622, 679 A.2d 252 (1996) (unpublished memorandum). The Supreme Court of Pennsylvania denied his petition for allowance of appeal on October 24, 1996. *Commonwealth v. Ginglardi*, 546 Pa. 663, 685 A.2d 543 (1996). Appellant did not seek review in the Supreme Court of the United States.

¶ 3 Appellant raised three issues in his direct appeal to this Court. One was a claim that the trial court improperly denied his motion for dismissal under Rule 1100 of the Pennsylvania Rules of Criminal Procedure.[2] The Honorable Peter Paul

---

1. 35 P.S. §§ 780–113(a)(30) and (a)(16), respectively.

2. Appellant had properly preserved the Rule 1100 claim by raising it in a pre-trial motion.

The trial court denied the motion following a hearing immediately before trial. N.T., 8/15–17/94, at 3–14.

Olszewski filed a memorandum in which he found two of Appellant's claims, including his Rule 1100 claim, to have been waived because Appellant's appellate counsel, Albert C. Gaudio, Esquire, failed to include them in the "statement of questions involved" portion of his appellate brief as required by Rule 2116 of the Pennsylvania Rules of Appellate Procedure. The Honorable Zoran Popovich concurred in the result. The Honorable Joseph Del Sole filed a concurring and dissenting memorandum in which he contended that the two claims not included in the statement of questions involved should have been considered because the Commonwealth had not objected to this defect in Appellant's brief and the issues were clearly set forth in the argument section of the brief. He addressed the Rule 1100 claim and concluded that Appellant was not brought to trial within 365 days of the filing of the criminal complaint. He also concluded that the Commonwealth had not carried its burden of demonstrating that it had exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth.

¶ 4 On August 1, 1997, Appellant filed a timely *pro se* PCRA petition in which he requested the appointment of counsel. The only issue he raised in the petition was that his appellate counsel was ineffective for causing the Rule 1100 claim to be waived. The PCRA court appointed Amy L. Keim, Esquire, to represent Appellant in proceedings under the PCRA. She did not file a supplemental petition, and a hearing was scheduled for February 2, 1998. No testimony was taken, and the court ruled as follows:

[W]e had a discussion off the Record in chambers, in which it was, I think, both counsel have narrowed the issue in the same direction, so—and it doesn't appear that there's any need for any Record with regard to this, in addition to what's already there. It appears that we have an issue regarding prior coun-

sel's action, or lack of action, at the Superior Court level, so we'll set a briefing schedule. Amy, you have 20 days, and Wayne [B. Gongaware, Esquire, Assistant District Attorney], 20 days thereafter.

N.T., 2/2/98, at 2–3. The attorneys filed briefs, and on April 23, 1998, the court filed a notice of its intention to dismiss Appellant's PCRA petition without a hearing. Attorney Keim did not file a response to the notice of dismissal. Appellant filed a *pro se* response on October 20, 1998, and the PCRA court entered an order dismissing Appellant's petition on October 22, 1998. Appellant filed a timely *pro se* notice of appeal to this Court. Attorney Keim neither entered an appearance on Appellant's behalf in this Court nor was she granted leave to withdraw her representation.

¶ 5 Relying on this Court's opinion in *Commonwealth v. Quail*, 729 A.2d 571 (Pa.Super.1999), we remanded this matter on December 10, 1999, for appointment of counsel to represent Appellant on appeal. Counsel was to file an appellate brief within sixty days of appointment, and the Commonwealth was to have thirty days thereafter to file a responsive brief. The PCRA court appointed counsel who, after receiving a sixty-day extension of time to file, filed a brief in this Court on April 17, 2000. Over thirty days have passed since the filing of Appellant's brief with no response from the Commonwealth, so the case is now ripe for review.

¶ 6 The brief filed by counsel presents two issues for our review:

I. WHETHER THE PCRA COURT ERRED BY DISMISSING THE APPELLANT'S PETITION FILED UNDER THE POST–CONVICTION RELIEF ACT BECAUSE IT WAS NOT TIMELY FILED?

II. WHETHER THE PCRA COURT ERRED BY DISMISSING THE APPELLANT'S PETITION FILED UNDER THE POST–

CONVICTION RELIEF ACT ON THE BASIS THAT A RULE 1100 CLAIM IS NOT COGNIZABLE UNDER THE POST–CONVICTION RELIEF ACT?

Appellant's Counseled Brief at 6. We will address Appellant's claims in the order presented.

■ ¶ 7 When examining a post-conviction court's grant or denial of relief, we are limited to determining whether the record supports the court's findings and whether the order is otherwise free of legal error. *Commonwealth v. White*, 449 Pa.Super. 386, 674 A.2d 253, 255 (1996). We will not disturb findings that are supported by the record. *Id.*

■ ¶ 8 A petitioner whose judgment of sentence becomes final after January 16, 1996, generally must file his petition within one year of the date his judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). In this case, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal on October 24, 1996. His judgment of sentence became final ninety days later when the time for filing a petition for a writ of *certiorari* with the United States Supreme Court expired. U.S. Sup.Ct. R. 13. The clerk of courts received the PCRA petition on August 1, 1997, within one year of the date the judgment of sentence became final, so the petition was timely under the PCRA. The PCRA court erred in holding otherwise.

¶ 9 We now turn to Appellant's second issue, whether the PCRA court erred by dismissing Appellant's petition on the basis that a Rule 1100 claim is not cognizable under the PCRA. On the basis of *Commonwealth v. Eaddy*, 419 Pa.Super. 48, 614 A.2d 1203 (1992), Appellant argues that a Rule 1100 claim is cognizable under the PCRA. *Eaddy*, however, is inapposite, as it involved a speedy trial claim under the sixth amendment to the United States Constitution. The Court in *Eaddy* held that such a claim was cognizable under 42 Pa.C.S.A. section 9543(a)(2)(v), which has since been repealed. On other occasions, this Court has held that ineffectiveness claims based on counsel's failure to pursue claims of Rule 1100 violations are not cognizable under the PCRA because they do not implicate the truth-determining process. *Commonwealth v. Tanner*, 410 Pa.Super. 398, 600 A.2d 201 (1991); *Commonwealth v. Dukeman*, 388 Pa.Super. 469, 565 A.2d 1204 (1989). The PCRA court followed *Tanner* and *Dukeman*.

■ ¶ 10 The PCRA court did not, however, have the benefit of our Supreme Court's opinion in *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999). In *Lantzy*, the Supreme Court considered whether relief was available under the PCRA on a prisoner's claim that counsel was ineffective for failing to perfect a direct appeal from a judgment of sentence. The question before the Court was whether the appellant's claim was precluded by the language in section 9543(a)(2)(ii) of the PCRA, 42 Pa.C.S.A. § 9543(a)(2)(ii), that limits ineffectiveness claims to those affecting the truth-determining process. The Court held that the appellant's claim was cognizable under the PCRA because such claims were cognizable on traditional *habeas corpus* review. *Lantzy*, 558 Pa. at 223, 736 A.2d at 570. That holding flowed from the Court's conclusion that the truth-determining language must be subordinated to the directive in section 9542, 42 Pa.C.S.A. § 9542, that "[t]he action established in [the PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose ... including habeas corpus and coram nobis." 558 Pa. at 223 n. 4, 736 A.2d at 570 n. 4. Thus, it is not enough, post-*Lantzy*, to ask whether a claim of ineffec-

tiveness implicates the truth determining process. Rather, if a claim does not implicate the truth determining process, it must then be determined whether the claim was cognizable on traditional *habeas corpus* review. Only where a claim does not implicate the truth determining process and is not of a type that was cognizable on traditional *habeas corpus* review will it not be cognizable under the PCRA.[3]

¶ 11 We turn now to the question of whether a claim that counsel was ineffective for failing to preserve a Rule 1100 claim was cognizable under traditional *habeas corpus* review. A speedy trial claim would not support the issuance of a writ of *habeas corpus, Commonwealth ex rel. Romano v. Banmiller*, 397 Pa. 606, 156 A.2d 825 (1959), and an allegation of ineffective assistance of counsel would support such relief only if it was found that counsel's conduct amounted to a denial of due process of law. *Commonwealth ex rel. Jones v. Maroney*, 417 Pa. 567, 209 A.2d 285 (1965). This Court has recently concluded that due process does not require "a 6th Amendment speedy trial right in the specific, quantified form of Rule 1100." *Commonwealth v. Dallenbach*, 729 A.2d 1218, 1221 (Pa.Super.1999). Thus, we conclude

that counsel's failure to preserve a Rule 1100 claim does not amount to a denial of due process and would not have supported the issuance of a writ of *habeas corpus.* The PCRA court, therefore, did not err in holding that Appellant's Rule 1100 claim was not cognizable under the PCRA.

¶ 12 Appellant's attempt in his initial *pro se* brief to save his Rule 1100 claim by relying on this Court's decision in *Commonwealth v. Lantzy*, 712 A.2d 288 (Pa.Super.1998) (*en banc*), rev'd, 558 Pa. 214, 736 A.2d 564 (1999), is also unavailing. He argues that PCRA counsel was ineffective for failing to file a petition for reinstatement of Appellant's appeal *nunc pro tunc.*[4] This argument must fail because *Lantzy* and the other cases he cites involved situations in which the petitioners were **entirely** denied their right to direct appeal. In the instant case, Appellant had a direct appeal, even though two of the three issues he wished to pursue were waived. The relief afforded by *Lantzy* would, therefore, not be available to Appellant.[5]

¶ 13 Order affirmed.

¶ 14 Judge BROSKY files a Concurring and Dissenting Opinion.

---

**3.** Thus, we disagree with the dissent's conclusion that *Lantzy* has removed the "undermining of the truth-determining process" limitation as a separate hurdle for the assertion of ineffectiveness claims under the PCRA. We also disagree with the dissent's conclusion that *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999), had that effect. As our Supreme Court explained in *Commonwealth v. Chester*, 557 Pa. 358, 370 n. 4, 733 A.2d 1242, 1248 n. 4 (1999), *Kimball* addressed the *standard of review* in allegations of ineffectiveness of counsel under the PCRA. In the instant case, however, we are concerned with the *scope* of post-conviction review. Hence, *Kimball* does not apply.

**4.** The Pennsylvania Supreme Court issued its opinion in *Lantzy* during the pendency of this appeal. In it, the Supreme Court rejected the procedure this Court approved for petitioning for reinstatement of appeal rights outside the framework of the PCRA in cases where the issues to be pursued on appeal are not cognizable under the PCRA. However, this Court

has since held that the Supreme Court's decision in *Lantzy* should not be applied retroactively to deny relief to petitioners who followed the procedures approved in this Court's opinion. *Commonwealth v. Hitchcock*, 749 A.2d 935 (Pa.Super.2000).

**5.** We disagree with the dissent's contention that this conclusion is inconsistent with this Court's recent decision in *Commonwealth v. Hernandez*, 2000 PA Super 154, 755 A.2d 1. That case involved an appeal from an order denying Hernandez's petition for an appeal *nunc pro tunc.* This Court had dismissed Hernandez's direct appeal from his judgment of sentence because his counsel had failed to properly preserve for appeal any of the issues Hernandez wished to raise on appeal. Hernandez petitioned for an appeal *nunc pro tunc*, and the court of common pleas denied the petition. Hernandez appealed, and a majority of the panel hearing the case found that the lower court had abused its discretion. The majority equated the waiver of *all* issues on appeal with the failure to perfect an ap-

Concurring and Dissenting Opinion by
BROSKY, J.:

¶ 1 I must respectfully concur in part and dissent in part to the decision of my colleagues. I agree with the majority's disposition of Appellant's first issue; that Appellant's petition under the Post–Conviction Relief Act, 42 Pa.C.S.A. § 9541–9546, was timely. However, I disagree with its disposition of the second issue, that Appellant's Rule 1100 claim is not cognizable under the PCRA. The controlling issue in this case is not whether a Rule 1100 claim is normally cognizable under the PCRA but whether Appellant lost his right to appellate review as a result of his prior counsel's ineffectiveness.

¶ 2 According to Judge Del Sole's Concurring and Dissenting Memorandum in the direct appeal, Appellant had a valid Rule 1100 claim and should be free today. This is not the situation, however, because his prior appellate counsel failed to include the issue in the statement of questions involved, yet adequately set the issue forth in the argument portion of the brief. It would seem that Appellant's Rule 1100 challenge escaped review and vindication on direct appeal only as a result of prior counsel's ineffectiveness in properly presenting the challenge to this Court. The majority does not contest this viewpoint but finds that, since Rule 1100 violations are not cognizable under the PCRA, Appellant cannot obtain relief. On this point, I would turn to this Court's decision in *Commonwealth v. Hernandez*, 2000 PA Super 154, 755 A.2d 1. On the basis of *Hernandez*, I question the continued viability of the line of cases relied upon by the majority that require a petitioner to plead and prove that ineffectiveness of prior counsel in failing to preserve a Rule 1100 claim "undermined the truth-determining process": I believe that the majority's viewpoint conflicts with the impact of the holding in *Hernandez*.

¶ 3 In *Hernandez*, a panel of this Court considered an appeal from an Order of the trial court that denied an appellant's petition for leave to file an appeal *nunc pro tunc*. The appellant, Ricardo Hernandez, after pleading guilty to a number of charges and being sentenced, sought to challenge the discretionary aspects of his sentence. Although a direct appeal was filed on his behalf to raise the discretionary aspects of his sentence, a panel of this Court held that his challenge had been waived by his trial counsel's failure to preserve the challenge. Hernandez did not seek any further review until after this Court issued our decision in *Commonwealth v. Lantzy*, 712 A.2d 288 (Pa.Super.1998), *rev'd*, 558 Pa. 214, 736 A.2d 564 (1999). Until this Court's decision in *Lantzy*, we had consistently held that a challenge to the discretionary aspects of a sentence, on the basis of ineffectiveness of counsel for failing to properly preserve the issue on direct appeal, was not cognizable under the PCRA. *See Commonwealth v. Wolfe*, 398 Pa.Super. 94, 580 A.2d 857 (1990). Our reason for so holding was that a claim challenging the discretionary aspects of sentencing on PCRA through raising counsel's ineffectiveness did not show that the ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Id.*, 580 A.2d at 860. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii), which provides that the petitioner must establish that he suffered from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process, that no reliable adjudication of guilt or innocence could have taken place." 42 Pa. C.S.A. § 9543(a)(2)(ii).

¶ 4 Subsequently, this Court entertained the appeal in *Lantzy*. In *Lantzy*, the appellant, who was sentenced following his entry of a guilty plea, had originally filed

peal, and expressly distinguished cases, such as the instant case, in which counsel's ineffectiveness may have waived some but not all of

the issues on direct appeal. Unlike the dissent, we do not find this distinction illusory.

post-sentencing motions and an appeal to this Court. His counsel then negotiated a modified sentence and the appellant withdrew his post-sentence motions and appeal. However, when the modification fell apart, the appellant could not file a direct appeal because of his withdrawal of his post-sentence motions and appeal. He then filed a petition under the PCRA asserting that his counsel was ineffective in advising him to withdraw his post-sentence motions and appeal. The PCRA court denied him relief. This Court affirmed the PCRA court's order on a different basis.

¶ 5 In *Lantzy*, we held that the appellant could not establish a claim under section 9543(a)(2)(ii) of the PCRA. This Court reasoned that the appellant in *Lantzy* had failed to satisfy his burden by failing to show that he was innocent, *i.e.*, wrongfully convicted. We noted, however, that if the appellant wished to assert that his counsel's ineffectiveness deprived him of the right to appeal, causing him prejudice but not affecting the underlying verdict or adjudication, he could seek relief by requesting an appeal *nunc pro tunc*. *Lantzy*, 712 A.2d at 291 (citing *Commonwealth v. Stock*, 545 Pa. 13, 679 A.2d 760 (1996)). This Court's decision in *Lantzy* was filed on April 13, 1998.

¶ 6 Our Supreme Court then considered *Lantzy* on appeal. The Supreme Court stated that the requirement under section 9543(a)(2)(ii), that a petitioner must plead and prove that his counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place", amounts to the prejudice prong for ineffectiveness of counsel. *Lantzy*, 736 A.2d at 570 (citing *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999)). The Supreme Court reasoned that an unjustified failure of counsel to perfect an appeal guaranteed *as of right* constitutes prejudice *per se*. *Lantzy*, 736 A.2d at 570. In such a circumstance, the Court held that, if a petitioner such as the appellant in *Lantzy* could also meet the remaining require-

ments of the PCRA, he did not have to establish his innocence or demonstrate the merits of the issues that would have been raised on a direct appeal. Thus, the Supreme Court held in *Lantzy* that relief was available to the appellant under the PCRA. The Supreme Court's decision in *Lantzy* was issued on July 7, 1999.

¶ 7 After this Court's decision in *Lantzy* was issued but before the Supreme Court issued its decision in *Lantzy*, Hernandez, through new counsel, filed a petition for leave to file a direct appeal *nunc pro tunc*. The trial court denied the petition. On appeal from the denial of the petition to this Court, our panel gave Hernandez the benefit of the Supreme Court's decision in *Lantzy*. The Opinion, authored by Judge Popovich, found that Hernandez had filed a petition for leave to file *nunc pro tunc* as a result of our decision in *Lantzy*, and, in effect, elected to treat the petition as a cognizable PCRA claim.

¶ 8 The majority in *Hernandez* reasoned that the impact of the Supreme Court's decision in *Lantzy* was to illuminate the fact that Hernandez's claim of counsel's ineffectiveness was cognizable under the PCRA. However, the majority recognized that a remand of the matter to the PCRA court would have resulted in an inability of that court to adjudicate the issue, as the PCRA petition would be untimely under the PCRA. The majority in *Hernandez* found that the petition for leave to file an appeal *nunc pro tunc* should have been granted and proceeded to examine the merits of the challenge to the discretionary aspects of Hernandez's sentence. The majority affirmed the judgment of sentence.

¶ 9 This author wrote a Dissenting Opinion in *Hernandez*. I pointed out that the majority was turning its decision on an interpretation of the Supreme Court's Opinion in *Lantzy* that I believed was overly broad. I did not agree with the majority's conclusion that the Supreme Court's decision in *Lantzy* brought Hernandez's challenge to the discretionary aspects of sentencing properly before us.

The Supreme Court indicated in *Lantzy* only that it was unclear whether the appellant in *Lantzy* had sought an appeal of his discretionary aspects of his sentence or whether he also had sought to challenge his conviction. Thus, I was wary of concluding that the Supreme Court made a decision to overrule this Court's decision in *Wolfe* with regard to assertions of ineffectiveness of counsel having resulted in the loss of a guaranteed right to an appeal from the discretionary aspects of sentencing on PCRA. I pointed out that an appeal from the discretionary aspects of sentencing is not necessarily a guaranteed right.

¶ 10 Moreover, I found the majority's attempts to limit its holding were illusory. For instance, the majority in *Hernandez* reasoned that the appellant's assertion was that his prior counsel, despite instructions, failed to properly perfect his appeal, as opposed to an assertion that his prior counsel failed to challenge the discretionary *aspects of sentencing*. The majority used this as a factor to distinguish the decision in *Wolfe*, stating that Hernandez's assertion did not involve an attack that would entail the truth-determining process. *Hernandez, supra* at n. 2. However, the majority was clearly allowing Hernandez to raise the ineffectiveness of his prior counsel for failing to preserve the discretionary aspects of sentencing as an issue for appellate review. It troubled me that the majority was, in effect, adopting a new test to allow certain appellants, otherwise barred by *Wolfe*, to have an appeal if their allegation did not go to the truth-determining process. In my view, *Wolfe* barred all appellants in Hernandez's position, regardless of whether their attack went to the truth-determining process.

¶ 11 It is important to observe that our Supreme Court in *Lantzy* and *Kimball* has removed the "undermining of the truth-determining process" as a separate hurdle for the assertion of claims on PCRA that otherwise meet the eligibility test of section 9543(a)(2)(ii) of the PCRA. The Supreme Court's commentary on the PCRA petitioner's burden of proof regarding the undermining of the truth-determining process may be read to suggest that challenges to the discretionary aspects of sentencing not cognizable under *Wolfe* are now cognizable as an impact of the Supreme Court's decision in *Lantzy*. However, since it was unclear in *Lantzy* whether there were any issues other than the discretionary aspects of sentence that the appellant sought to raise, I strenuously objected to a reading of the Supreme Court's decision in *Lantzy* that would have treated the issue as decided by our Supreme Court. I argued for the need for such an important issue to have been appropriately raised and briefed before this Court went headlong into a decision on it.

¶ 12 Additionally, the majority in *Hernandez* attempted to limit its decision to an allegation that prior counsel's ineffectiveness waived *all* issues that the appellant wished to raise. The majority stated that there could be situations in which a counsel's conduct might have been effective, although he simply did not raise all issues that the appellant wanted to have raised. *Hernandez, supra* at n. 4. In support of this distinction, the majority relied on footnote 8 in the Supreme Court's *Lantzy* decision. That footnote stated:

> Our holding should not be construed as affecting the substantial body of case law which concerns the circumstance in which a defendant seeks to pursue frivolous claims on appeal, or demands that counsel pursue every possible course of action or press every point. *See generally Anders[ v. State of Cal.]*, 386 U.S. [738] at 744, 87 S.Ct. [1396] at 1400, 18 L.Ed.2d 493 [1967]; *Commonwealth v. McClendon*, 495 Pa. 467, 470–71, 434 A.2d 1185, 1187 (1981); *Commonwealth v. Finley*, 379 Pa.Super. 390, 393–94, 550 A.2d 213, 215 (1988).

*Lantzy*, 736 A.2d at 572, n. 8.

¶ 13 However, the majority did not take into account the possibility that the only

issue of any true import may have been waived by the alleged ineffectiveness of counsel to preserve the issue for appellate review, while other issues of lesser merit were preserved for review. If, in fact, the Supreme Court in *Lantzy* intended for an appellant in Hernandez's position seeking PCRA relief to meet the three prongs of the ineffectiveness test and to overrule *Wolfe*, the inquiry added by the majority in *Hernandez* is unjustified and confusing. The only appropriate inquiry is whether the appellant can show that the three prongs of the ineffectiveness test are met. If the appellant suffered prejudice, then it is irrelevant whether his prior counsel waived all issues or some issues. Again, it was my conviction that the majority in *Hernandez* was confusing these types of cases without having the benefit of a full raising and briefing of the issue.

¶ 14 Here, the majority rules, on the basis of *Commonwealth v. Tanner*, 410 Pa.Super. 398, 600 A.2d 201 (1991), and *Commonwealth v. Dukeman*, 388 Pa.Super. 469, 565 A.2d 1204 (1989), that ineffectiveness claims based on counsel's asserted failure to pursue Rule 1100 violations are not cognizable under the PCRA. As the majority points out, the basis for the decisions in *Tanner* and *Dukeman* was that such an allegation of ineffectiveness does not implicate the truth-determining process under section 9543(a)(2)(ii) of the PCRA. If this sounds much like the reasoning in the *Wolfe* case with regard to claims of ineffectiveness of counsel concerning the discretionary aspects of sentencing, it is because this Court, in deciding *Wolfe*, relied on *Dukeman*.

¶ 15 Thus, we have a situation in which *Hernandez* is not directly controlling, yet, what was said in that case by this Court is pertinent to our decision in the instant matter. My concerns about the interpretation of the Supreme Court's decision in *Lantzy* on the prior cases of this Court that were based on the PCRA petitioner's burden to demonstrate the "undermining of the truth-determining process", *e.g.*,

*Wolfe*, led me to author a Dissenting Opinion in *Hernandez*. However, with *Hernandez* now decided, I feel duty bound by the precedent established by that decision. The important matter is whether the appellant was deprived from raising issues on appeal because of his prior counsel's ineffectiveness. The test is the one expressed in the Supreme Court's decision in *Lantzy*.

¶ 16 As the majority ruled in *Hernandez* that Hernandez presented a valid PCRA claim, I believe that we, likewise, should rule that Appellant here presents a valid PCRA claim. Such a ruling is, in fact, a logical outgrowth of the *Hernandez* decision. I do not believe the attempts by the majority in *Hernandez* to limit the impact of that decision are sufficient to prevent us from applying that decision in the instant case. I would find that Appellant should not be prevented from having the ineffectiveness claim in his PCRA petition reviewed simply because one of his issues was preserved for review on direct appeal. Although the alleged ineffectiveness of Appellant's prior counsel did not result in the loss of all issues being raised on direct appeal, certainly it resulted in the loss of Appellant's ability to challenge a very important matter, the Rule 1100 issue. This is not a frivolous issue and its absence from the statement of issues in the direct appeal was prejudicial to Appellant.

¶ 17 The majority in *Hernandez* found the assertion of ineffective assistance of counsel in failing to preserve for appellate review the challenge to the discretionary aspects of sentencing a properly cognizable claim on PCRA. We should hold that the assertion of ineffective assistance of counsel in failing to preserve the Rule 1100 for appellate review challenge raises a properly cognizable claim under the PCRA. If anything, a challenge to the discretionary aspects of sentencing is more tenuous than a Rule 1100 claim because an appellant does not have an absolute right to review of the discretionary aspects of his sentence. Thus, I believe that the

majority's viewpoint is in conflict with the impact of the decision in *Hernandez*.

¶ 18 Accordingly, I concur as to the timeliness of the PCRA petition but dissent as to the decision of the majority that finds the Appellant's ineffectiveness issue is not cognizable under the PCRA.